NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIUS J. NAM (Cal. Bar No. 288961)
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorneys
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6942/6938
    Facsimile: (951) 276-6202
    E-mail:    julius.nam@usdoj.gov
             eli.alcaraz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>JOHN JACOB OLIVAS,<br><br>        Defendant. | No. ED CR 18-231-JGB<br><br>GOVERNMENT'S EX PARTE APPLICATION FOR PROTECTIVE ORDER REGARDING PRIVACY OF VICTIM AND WITNESS INFORMATION |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julius J. Nam and Eli A. Alcaraz, hereby applies ex parte for an order limiting use and wider disclosure of the discovery ("Protective Order") in this case. Counsel for defendant John Jacob Olivas ("defendant") has stated that she opposes the issuance of the requested Protective Order and intends to file an opposition.  The government nonetheless requests that the Court issue the concurrently filed proposed Protective Order and as follows:

1.    On August 1, 2018, defendant was charged in a three-count indictment with violations of 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law).

2.    On August 28, 2018 and November 26, 2018, the government made two productions of the discovery (Bates 00001 through 30081), pursuant to Rule 16 of the Federal Rules of Criminal Procedure (although some of the material may exceed the scope of the government's discovery obligations).  The discovery produced thus far includes (a) law enforcement investigative reports, (b) defendant's criminal history, (c) extraction reports of cellular telephones used by various victims as well as defendant, (d) emails, (e) text messages, (f) photographs, (g) video recordings, (h) audio recordings, (i) transcripts of video and audio recordings, and (j) cellular telephone subscriber information and call detail records.  In particular, the discovery includes approximately 180 video recordings and 2,020 audio recordings.  The government intends to continue to disclose any additional discoverable information that comes into the government's possession.

3.    The discovery contains a substantial amount of personally identifiable information ("PII") of victims, witnesses, and other individuals unrelated to this case, including personal names, social security numbers, dates of birth, home addresses, and telephone numbers.  In addition, the discovery includes private and sensitive information pertaining to victims such as photographs and video recordings of explicit sexual acts – some of which were made without consent by the victim involved and later transmitted by defendant to the victim in an apparent attempt to blackmail the victim into silence and to humiliate the victim.

2

4.   The government did not initially seek a protective order in this case because the bulk of the materials portraying sexual activities appeared to involve consensual conduct between defendant and the victims and the PII appeared to belong to defendant and the victims with whom defendant was either married or in serious romantic relationships.  In the government's initial assessment, defendant was presumed to be already in possession of the PII and the sexual materials prior to the government's production of the discovery, thereby appearing to obviate the need for a protective order.

5.   After recently conducting a renewed assessment of the discovery, however, the government concluded that a protective order should be entered in this case to safeguard the PII of individuals unrelated to this case as well as the victims and to protect the privacy interests of the victims.

6.   The government requests that the Court issue the Protective Order regarding all materials that the government has produced, and will produce, in this case to be used solely by defendant and the "Defense Team," as defined below, as part of defendant's preparation for the trial, any sentencing, and any appeal in this case.  The purpose of the Protective Order is to prevent all inadvertent and unauthorized dissemination, distribution, and uses of materials containing PII and other private and sensitive information of the victims and other individuals.

7.   If the government were to redact all PII and other private and sensitive information in this case in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a

set of discovery that would be highly confusing and difficult to understand. Also, the government may not be able to produce some discovery, including video recordings of explicit sexual acts, because redaction of such materials is not practicable.

8.   Wherefore, in order to permit the government to continue to provide discovery material to defense counsel while avoiding inadvertent or unauthorized dissemination of PII of victims and other individuals and victims' private and sensitive materials (especially photographs, video recordings, and audio recordings depicting any victims' sexual activity and medical history), the discovery that has been and will be produced should be subject to the Protective Order. This includes any copies of the discovery, which include, but are not limited to, paper or electronic copies made before or after the execution of the Protective Order.

9.   For purposes of this stipulation, the term "Defense Team" refers to defendant and his respective counsel of record. "Defense Team" refers to the counsel of record who have made appearance in this case and any co-counsel working for the Office of the Federal Public Defender in the Central District of California specifically assigned to work on this case. Additionally, the term "Defense Team" includes any defense investigators, employees, experts, and translators hired by the counsel of record for defendant to assist counsel with this case. "Defense Team" includes any subsequent counsel of record, if current counsel of record is relieved from this case or if another counsel is added to the Court's docket. "Defense Team" does not include family members and other associates of defendant.

10.    The Defense Team is prohibited from directly providing access to any material produced in the discovery to anyone not working on the defense of this criminal case.

11.    The Defense Team shall maintain materials designated subject to the Protective Order safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not making, or permitting to be made, any copies of the documents provided pursuant to and also produced before the Protective Order, (2) not permitting anyone other than Defense Team members and defendant to see documents provided pursuant to this Protective Order, (3) not divulging to anyone the contents of the documents provided pursuant to the Protective Order, and (4) not permitting the materials provided pursuant to this Protective Order to be outside of the Defense Team's offices, homes, vehicles, or personal presence.  Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

12.    Pursuant to its discovery obligations, the government shall identify all materials provided without redaction pursuant to the Protective Order.  All materials already produced in discovery by the government shall be subject to the Protective Order.  Any additional materials produced in discovery shall be made with a cover letter stating that the discovery is "SUBJECT TO PROTECTIVE ORDER" (the "Warning").  Each page of the documents, to the extent practicable, shall also bear the Warning.  If the defense objects to any such designation, it may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

13.   Defendant and his attorneys are required to give a copy of this Protective Order to all individuals outside the Office of the Federal Public Defender engaged or consulted by defense counsel in this case.   Those individuals must agree in writing to be bound by the terms of this Protective Order before receiving any portion of the discovery in this case.   The Defense Team will keep a list of all individuals who have agreed in writing to be bound by the terms of the Protective Order, which list may be disclosed upon order of the Court in the event that the Court is asked to determine whether a possible breach of the terms of the Protective Order has occurred.

14.   Except as designated by the government, defendant may possess and review the discovery subject to the Protective Order in this case, but defendant may not distribute, transmit, or show the discovery to any person outside the Defense Team.   However, defendant may not possess any PII in the discovery belonging to another person. Defendant also may not possess, distribute, transmit, or show any photograph, audio recording, or video recording of sexual contact he had with any victim.   Any copies of such materials currently in defendant's possession must be destroyed or returned to his Defense Team.   Any copies of such materials that defendant or any member of the Defense Team has distributed to a person outside the Defense Team must be retrieved and destroyed, and the recipient of the materials must be notified that the materials are subject to the Protective Order in this case.

15.   The Defense Team shall access and use the materials designated subject to the Protective Order for the sole purpose of preparing for trial or any related proceedings in this case.   The Defense Team may review the materials designated subject to the

Protective Order with a witness or potential witness in this case. No witness or potential witness may retain the materials designated subject to the Protective Order, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

16. To the extent that notes are made that memorialize, in whole or in part, the PII in any materials designated subject to the Protective Order, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become materials designated subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

17. In the event that a party needs to file materials designated subject to the Protective Order with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII and any other private and sensitive information regarding victims and make all reasonable attempts to limit the divulging of PII and victims' private and sensitive information.

18. The Defense Team shall use materials designated subject to the Protective Order only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255. Upon the final disposition of this

1   case, any materials designated subject to the Protective Order shall

2   not be used, in any way, in any other matter, absent a court order.

3   All materials designated subject to the Protective Order maintained

4   in the Defense Team's files shall remain subject to the Protective

5   Order unless and until such order is modified by court order.  Within

6   thirty days of the conclusion of appellate and post-conviction

7   proceedings, the Defense Team shall return the materials designated

8   subject to the Protective Order or certify that such materials have

9   been destroyed.

10      19.  In the event that there is a substitution of counsel prior

11  to when such documents must be returned, new defense counsel must

12  join this Protective Order before any materials designated subject to

13  the Protective Order may be transferred from defense counsel of

14  record to the new defense counsel, who then will become the Defense

15  Team's custodian of materials designated subject to the Protective

16  Order and who shall then become responsible for returning all

17  materials designated subject to the Protective Order to the

18  government upon the conclusion of appellate and post-conviction

19  proceedings.

20   Dated: April 8, 2019           NICOLA T. HANNA
                                    Acting United States Attorney

21

22                                  LAWRENCE S. MIDDLETON
                                    Assistant United States Attorney
                                    Chief, Criminal Division

23

24                                  _____/s/_____
                                    JULIUS J. NAM

25                                  ELI A. ALCARAZ
                                    Assistant United States Attorneys

26

27                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

28