NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
JULIUS J. NAM (Cal. Bar No. 288961)
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorneys
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6942/6938
    Facsimile: (951) 276-6202
    E-mail:   julius.nam@usdoj.gov
              eli.alcaraz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOHN JACOB OLIVAS,<br><br>        Defendant. | No. ED CR 18-231-JGB<br><br>GOVERNMENT'S (1) OPPOSITION TO DEFENDANT JOHN JACOB OLIVAS' EX PARTE APPLICATION TO FILE IN CAMERA AND (2) REQUEST TO CONTINUE TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE: 05-28-2019 at 9:00 a.m.**<br><br>**[PROPOSED] TRIAL DATE: 06-25-2019 at 9:00 a.m.** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julius J. Nam and Eli A. Alcaraz, hereby files its (1) opposition to defendant JOHN JACOB OLIVAS' Ex Parte Application to file in camera, filed on April 10, 2019 (Dkt. 24); and (2) request to continue trial date and

findings regarding excludable time periods pursuant to the Speedy Trial Act.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 11, 2019            Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

            /s/
JULIUS J. NAM
ELI A. ALCARAZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On April 10, 2019, defendant JOHN JACOB OLIVAS ("defendant") filed an Ex Parte Application to file an application in camera. Based on communications with defense counsel, the government understands the proposed in camera document to seek a continuance of the trial to December 3, 2019.  While the government does not oppose defendant's use of the ex parte process to seek a continuance, it objects to filing such a request in camera and further objects to the length of the continuance.  For the reasons set forth below, if the Court is inclined to grant a continuance, a reasonable continuance would be from May 28, 2019 to June 25, 2019 at 9:00 a.m.  The government requests that the Court deny defendant's request for an in camera filing and, if it is inclined to grant a continuance, place the reasonable limitation of a single-month continuance.

**II.   AN IN CAMERA FILING IS INAPPROPRIATE**

The government objects to defendant's apparent request to continue the trial via an in camera filing.  First, an in camera filing prevents the victims in this case from exercising their rights guaranteed by the Crime Victim Rights Act.  An in camera filing prevents the government from effectively communicating with each victim to allow the victim to vindicate her rights, including "[t]he right to reasonable, accurate, and timely notice of any public court proceeding," "[t]he right not to be excluded from any such public court proceeding," and "[t]he right to proceedings free from unreasonable delay."  18 U.S.C. §§ 3771(a)(2), (3), (7).  The government has been in contact with victims in this case and knows that at least one victim has strong objections to any continuance.

An *in camera* filing that seeks to continue the trial date to a date unknown to the victims and for reasons unknown to the victims significantly impairs the victims' ability to participate in the proceedings. Second, proceeding *in camera* prevents the government from knowing essential information such as the requested date and why a continuance is necessary and, accordingly, hinders the government's ability to respond and oppose defendant's request. In all fairness, the government should be given a meaningful opportunity to be heard.

**III.   A LENGTHY CONTINUANCE TO DECEMBER 3, 2019 IS UNREASONABLE**

Based on phone calls and emails between the government and defense counsel, and an email from defense counsel to the Court's courtroom deputy on April 9, 2019, the government understands defendant to be seeking an *ex parte* continuance of the trial to December 3, 2019. A six-month continuance is unreasonable.

First, this case was indicted on August 1, 2018 (Dkt. 1). The government has made two productions of discovery to the defense, the first on August 28, 2018, and the second on November 26, 2018. The first production contained bates range 1 – 29688 and the second contained bates range 29,689 – 30081. While the bates ranges appear significant, there is extensive duplication in the productions due to multiple forensic copies of the same cell phone. The defense has had over 98 per cent of the current discovery in this matter for over seven months and the remainder for over four months. The defense has had the discovery with sufficient time to review and digest it.[1]

---

[1] As the Court knows, on April 9, 2019, the government filed an *Ex Parte* Application for a Protective Order (Dkt. 23). After the Court rules on the Application, the government intends to produce an additional 1,312 pages of discovery with bates range 30082 – 31393, but this production does not justify such a lengthy continuance as it

Indeed, on September 21, 2018, the Court continued the trial for over seven months, from October 9, 2018 to May 28, 2019. (Dkt. 16.) A second continuance of over six months is unreasonable.

Second, the government has been in communication with victims of the defendant and at least one of them has a strong objection to any continuance at all. That victim wants the current trial date to stay, but if not, she would find a continuance to late-2019 intolerable. Accordingly, while the government believes that the trial date should remain, it told defense counsel it would be willing to agree to a continuance of approximately one month to June 25, 2019. Defense counsel rejected that proposal, but the government is still willing to stipulate to continue the trial to that reasonable date.

**IV.   CONCLUSION**

The United States objects to defendant seeking to continue the trial by filing an <u>Ex Parte</u> Application <u>in camera</u>. It further requests that if the Court is inclined to continue the trial, that it set a reasonable limit and continue the trial to no later than June 25, 2019. If the Court grants a one-month continuance, the government further requests that the following dates also be continued -- the pretrial conference date to June 10, 2019 at 2:00 p.m., the pretrial motions deadline to May 13, 2019, the deadline to oppose any pretrial motions to May 28, 2019, the deadline to file a reply in support of any pretrial motion to June 3, 2019, and the deadline to file joint jury instructions to June 5, 2019.

---

is just over a 4 per cent increase as measured against the discovery already in defendant's possession and, more importantly, the vast majority of  it is the defendant's own personnel file from when he was a Special Agent with Department of Homeland Security, Homeland Security Investigation.

3