UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCR 18-231 JGB** | Date | May 10, 2019 |
| Title | *United States v. John Jacob Olivas* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Government: | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Order DENYING the Government's Ex Parte Application for Protective Order (Dkt. No. 23) (IN CHAMBERS)

    Before the Court is the government's Ex Parte Application for a Protective Order. ("Application," Dkt. No. 23.) At any time, a court may, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The government seeks a protective order because discovery in the action contains personally identifiable, private, and sensitive information of victims, witnesses, and other individuals unrelated to this case. (Id. at 2.) Defendant opposes the Application and notes that the requested protective order would apply retroactively to a substantial volume of discovery. ("Opp'n," Dkt. No. 26.) Defendant asserts that the nature of the discovery since initiation of the case has not changed, and that the protective order is not necessary. (Id. at 4.) Additionally, Defendant already has possession of much of the discovery as a result of a parallel state court action concerning the same alleged victim here. (Id.) Given that much of the discovery the government seeks to include under the protective order has been in Defendant's possession since before this action commenced, such a protective order would be ineffective. Under these circumstances, the Court finds the government has not shown good cause justifying this restriction on discovery. Accordingly, the Court DENIES the Application.

**IT IS SO ORDERED.**