NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIUS J. NAM (Cal. Bar No. 288961)
Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8692
    Facsimile: (213) 894-8513
    E-mail:    julius.nam@usdoj.gov
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorneys
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6938
    Facsimile: (951) 276-6202
    E-mail:    eli.alcaraz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOHN JACOB OLIVAS,<br><br>        Defendant. | No. ED CR 18-231-JGB<br><br>STIPULATION FOR ORDER <u>(1) MEMORIALIZING CONTINUANCE OF TRIAL DATE AND (2) MAKING FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**<br>December 3, 2019<br><br>**CURRENT STATUS CONFERENCE DATE:**<br>November 18, 2019<br><br>**PROPOSED TRIAL DATE:**<br>June 30, 2020, 9:00 a.m.<br><br>**PROPOSED STATUS CONFERENCE DATE:**<br>June 15, 2020, 2:00 p.m.<br><br>**PROPOSED PRETRIAL BRIEFING SCHEDULE SET FORTH BELOW** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Julius J. Nam and Eli A. Alcaraz, and defendant John Jacob Olivas ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defenders Angela C. C. Viramontes and Craig A. Harbaugh, hereby stipulate as follows:

1. The Indictment in this case was filed on August 1, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 15, 2018. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 24, 2018.

2. On August 15, 2018, the Court set a trial date of October 9, 2018 at 9:00 a.m. and a status conference for September 24, 2018 at 2:00 p.m.

3. Defendant is released on bond pending trial.

4. The parties estimate that the trial in this matter will last approximately eight days.

5. The Court has previously continued the trial date in this case from October 9, 2018 to May 28, 2019, and again from May 28, 2019 to December 3, 2019, and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

6. On October 7, 2019, defendant filed an <u>in camera</u> request seeking a continuance of the December 3, 2019 trial date to June 30, 2020, and the November 18, 2019 status conference date to June 15, 2020. (Dkt. No. 36.) The Court granted defendant's <u>in camera</u> request on October 16, 2019.

7. The government objected to the continuance of the December 3, 2019 trial date and the <u>in camera</u> nature of the proceedings, but

now enters into this stipulation to memorialize the Court's Speedy Trial Act findings and to request a pretrial briefing schedule based on the continued dates.

8. By this stipulation, the parties request that the Court impose the following pretrial briefing schedule:

   a. Pretrial motions (including motions *in limine*) due: May 18, 2020.

   b. Oppositions due: June 1, 2020.

   c. Replies, if any, due: June 8, 2020.

   d. Joint jury instructions due: June 10, 2020.

9. The parties also request an order memorializing the Court's continuance of the trial date and Speedy Trial Act findings, based upon the circumstances explained in defendant's October 7, 2019 *in camera* filing (Dkt. No. 36), the *in camera* findings made by the Court on October 16, 2019, and the following facts:

   a. Defendant is charged in a three-count indictment. Each count charges defendant with violating Title 18, United States Code, Section 242 (Deprivation of Rights Under Color of Law). The government has produced discovery to the defense, including 100,714 pages of reports, draft transcripts, records, and recordings.

   b. Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

   c. On October 4, 2019, Deputy Federal Public Defender Craig A. Harbaugh appeared for defendant in this matter and on October 7, 2019 DFPD Caroline R. Hahn withdrew as attorney of record

for defendant. Through DFPD Viramontes, the government has learned that DFPD Harbaugh will need additional time to review the discovery in this matter and otherwise prepare for trial.

      d.    In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e.    On October 7, 2019, defendant moved <u>in camera</u> to continue the trial date to June 30, 2020. The Court notified the parties via email on October 16, 2019 that it approved defendant's <u>in camera</u> request and has continued the trial per defendant's request. The specific bases for the continuance are not known to the government due to the <u>in camera</u> nature of the proceedings. Accordingly, the Court has already found good cause and sufficient justification under the Speedy Trial Act to continue the trial in this matter to June 30, 2020 at 9:00 a.m.

      f.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      g.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

4

part of the attorney for the government to obtain available witnesses.

10. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 3, 2019 to June 30, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the voluminous discovery produced, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///

///

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 14, 2019        Respectfully submitted,

                                NICOLA T. HANNA
                                Acting United States Attorney

                                BRANDON D. FOX
                                Assistant United States Attorney
                                Chief, Criminal Division


                                       /s/
                                _____
                                JULIUS J. NAM
                                ELI A. ALCARAZ
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

///

///

I am John Jacob Olivas's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 30, 2020 is an informed and voluntary one.

_____    Date 11/13/19
ANGELA C. C. VIRAMONTES
CRAIG A. HARBAUGH
Deputy Federal Public Defenders
Attorney for Defendant
JOHN JACOB OLIVAS

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than June 30, 2020. I understand that I will be ordered to appear in Courtroom 1 of the Federal Courthouse, 3470 Twelfth Street, Riverside, California on June 15, 2020 at 2:00 p.m. and June 30, 2020 at 9:00 a.m.

_____          11/13/19
JOHN JACOB OLIVAS                        Date
Defendant

7