NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
JULIUS J. NAM (Cal. Bar No. 288961)
ELI A. ALCARAZ(Cal. Bar No. 288594)
Assistant United States Attorneys
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6942/6938
     Facsimile: (951) 276-6202
     E-mail:   julius.nam@usdoj.gov
               eli.alcaraz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 18-231-JGB |
| Plaintiff, | GOVERNMENT'S OBJECTIONS TO DEFENDANT JOHN JACOB OLIVAS'S NOTICE OF UNDER SEAL, *IN CAMERA*, AND *EX PARTE* APPLICATIONS; EXHIBIT |
| v. | |
| JOHN JACOB OLIVAS, | Hearing Date: N/A |
| Defendant. | Hearing Time: N/A |
| | Location:   Courtroom of the Hon. Jesus G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorneys Julius J. Nam and Eli A. Alcaraz, hereby files these objections to defendant JOHN JACOB OLIVAS's Notice of Under Seal, *In Camera*, and *Ex Parte* Applications, filed on August 18, 2020, at Docket No. 57.

This response is based upon the attached memorandum of points and authorities, the attached exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 26, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

  /s/
JULIUS J. NAM
ELI A. ALCARAZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In 2011 and 2012, defendant John Jacob Olivas ("defendant") used his position and power as a federal law enforcement agent to sexually abuse two of his intimate partners, N.B. and K.L., and to prevent them from reporting his sexual assaults, as well as other acts of violence, to law enforcement.  Defendant's abuse of his federal law enforcement authority violated the victims' constitutional rights: namely, their rights to liberty and bodily integrity.  For three specific sexual assaults of K.L. and N.B., defendant is charged with three counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242.

On August 18, 2020, defendant filed a notice of manual filing or lodging in which the only description provided was: "Ex Parte Application to File In Camera; Proposed Order in the Alternative, and In Camera Documents."  (Dkt. No. 57.)  Despite repeated inquiries to defendant's counsel regarding the nature of this filing, the defense has not responded to government counsel.

The government assumes that the defense is seeking issuance of subpoenas pursuant to Rule 17 of the Federal Rules of Criminal Procedure and that the defense is asking for permission to do so while attempting to prevent the government from being heard about the propriety of its requests.

The government objects to the *in camera* nature of defendant's filings and to the issuance of any subpoenas, unless the government is afforded the opportunity to be heard on the validity of these subpoena requests.  It is not fair to deprive the government of the opportunity to contest the defense's subpoena requests.

The government acknowledges that in the appropriate circumstances a trial subpoena for records to third parties *could* be appropriate under Rule 17. But without the opportunity to evaluate particular subpoena requests, or the documents returned by the third parties, the government is in the dark about what documents defendant is seeking, or from whom. As a general matter, the government is concerned that shutting it out of the process leading to the approval of *in camera* subpoenas and the parties' review of the resulting documents has the potential to unfairly prejudice the government.

Since the government has no idea what subpoenas the defense may be seeking, the government does not categorically oppose all *in camera* requests for Rule 17 subpoenas in this case. Instead, by submission of this brief, the government seeks to provide some background law to the Court regarding what is — and what is not — permitted by Rule 17, to submit for the Court's consideration orders issued by other district judges in this district in comparable situations, and to offer the Court the benefit of a walled-off Assistant United States Attorney (a "taint AUSA") to represent the government at every, or any, stage of the *in camera* process and the return of documents.

**II.   RULE 17 DOES *NOT* ALLOW "FISHING EXPEDITIONS" FOR POTENTIAL IMPEACHMENT MATERIAL**

**A.   General Requirements for a Rule 17(c) Subpoenas**

Rule 17 of the Federal Rule of Criminal Procedure provides for the issuance of subpoenas to compel the testimony of witnesses at criminal proceedings and the production of evidentiary documents. Fed. R. Crim. P. 17. But a subpoena *duces tecum* issued under Rule 17 has a limited purpose: to procure evidence that will be introduced at

1 the attendant proceeding, usually trial. *United States v. Nixon*, 418
2 U.S. 683, 698-99 (1974).

3 In *Nixon*, the Supreme Court held that the proponent of the
4 subpoena must "clear three hurdles: (1) relevancy;
5 (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 699. As
6 courts have noted, the failure to show relevance, admissibility, and
7 specificity indicates the requested Rule 17 subpoena is an
8 impermissible fishing expedition. *See, e.g.*, *United States v.*
9 *Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving
10 party cannot reasonably specify the information contained or believed
11 to be contained in the documents sought but merely hopes that
12 something useful will turn up, this is a sure sign that the subpoena
13 is being misused.").

14 *Nixon* further provides that even upon a showing that the
15 subpoena seeks relevant, admissible, and specific evidence, a court
16 must also consider whether the materials are "(2) . . . not otherwise
17 procurable reasonably in advance of trial by exercise of due
18 diligence; (3) that the party cannot properly prepare for trial
19 without such production and inspection in advance of trial and that
20 the failure to obtain such inspection may tend unreasonably to delay
21 the trial; and (4) that the application is made in good faith and is
22 not intended as a general 'fishing expedition.'"

23 Rule 17(c) plainly requires a showing of relevancy,
24 admissibility, and specificity to support a subpoena for documents.
25 Further, Rule 17(c)(2) allows the Court to consider a motion to quash
26 if the subpoena is unreasonable or oppressive. Upon the filing of a
27 motion to quash, it is the defendant's burden to show that the
28 requested documents are relevant, admissible, and the request is

sufficiently specific. *Nixon*, 418 U.S. at 700. As fully discussed below, defendant cannot meet his burden if the subpoena is for a purpose beyond the scope of Rule 17: to gather "discovery" information. If the subpoena is nothing more than a "fishing expedition," it is unreasonable and oppressive and must be quashed.

**B. A Rule 17(c) Subpoena Cannot Be Used to Seek Discovery**

Courts have long held that, given the detailed rules set forth in Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16") regarding the government's disclosure obligations before and during trial, a defendant may not circumvent Rule 16 by seeking broader discovery through the use of Rule 17(c) subpoenas to government agencies. As the Supreme Court long ago made clear in *Bowman Dairy Co. v. United States*, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. . . . Rule 17(c) was not intended to provide an additional means of discovery." 341 U.S. 214, 220 (1951). As a result, Rule 17(c) subpoenas in general are not proper if "intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 700. "[Rule 17's] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials. *Bowman Dairy*, 341 U.S. at 220. Hence, any attempt to justify the subpoena as a method in order to obtain documents and objects "material to preparing the defense" pursuant to Rule 16(a)(1)(E)(i), is to no avail.

The Ninth Circuit in *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984), determined the district court properly quashed a Rule 17 subpoena where the defendant had sought entire arson investigation files, not specific documents. The Ninth Circuit

4

stated "Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'" *Id.* (citation omitted). That court also commented that the defendant did not establish admissibility of the subpoenaed files.

Any subpoenas requested in this case, like the one in *Reed*, may seek a large swath of documents (such as files maintained by the California Department of Social Services for the victims in this case), not specific records. If the subpoenas seek a large variety of documents, it is unclear how such an array of documents would be admissible. *See United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) ("The subpoena duces tecum is not intended to provide a means of pretrial discovery").

Defendant has the burden to establish admissibility of the materials, the relevance of the materials sought by the subpoenas, and that the subpoena request is a specific one. Failure to any one of the elements specifically makes quashing the subpoenas appropriate. Information in the possession, custody and control of the government that falls under its *Brady* disclosure obligations is not the type of material a Rule 17(c) subpoena was designed to reach. *See United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981).

**C. Defendant's Subpoenas Must Seek Only Relevant, Specific, and Admissible Materials**

The following subsections offer some analysis on how the above principles may apply to any *in camera* subpoena requests. The government also offers as Exhibit 1 an order issued by another district judge in the Central District when addressing an *in camera* request for Rule 17 subpoenas in a criminal case.

5

In the event defendant requests Rule 17 subpoenas for documents, the government submits that defendant must show that the documents sought by his proposed *in camera* subpoenas are "(1) relevant; (2) admissible; and (3) specific." *Nixon*, 418 U.S. at 699. Unless defendant can make these showings, the Court should not authorize the subpoenas.

To meet his burden, defendant cannot merely offer the defense's hope that these subpoenas will lead to documents which the defense can use on cross-examination or during the defense case. That would not be enough. Similarly, if defendant seeks entire categories of documents, such subpoenas would be defective as not sufficiently specific.

### III. STANDING AND RULE 17 SUBPOENAS

In the event any of the requested Rule 17 subpoenas are directed to a federal agency, the government has standing to quash any such subpoenas. The United States Attorney is the authorized representative of the United States and has authority to quash improper subpoenas issued to employees of the United States. *See* 28 U.S.C. § 516 ("[T]he conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General."); Fed. R. Crim. P. 1(b)(1)(B) ("'Attorney for the government' means . . . a United States attorney or an authorized assistant.").

When a federal government employee, such as the General Counsel for a government agency, is subpoenaed, the United States Attorney's Office is the appropriate entity to appear on behalf of the agency in court. The role of the United States Attorney's Office in this

regard has been recognized by the courts. *See, e.g., United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981) (allowing the government, *i.e.*, the U.S. Attorney's Office, to move to quash a defense subpoena served on the Department of Education); *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (recognizing the government's right to challenge defense subpoena to government witness).

## IV. ALL SUBPOENAED DOCUMENTS SHOULD BE MADE AVAILABLE TO THE GOVERNMENT

Rule 17(c)(1) provides that the Court "may direct" the party upon whom a Rule 17 subpoena is served to "produce the designated items in court before trial or before they are to be offered in evidence." Assuming the Court authorizes the issuance of the Rule 17 subpoenas sought by defendant, and upon review of the produced items finds that such materials have been obtained in compliance with Rule 17, the government would have no objection to early production of the documents for dissemination to the defense at the time of the pre-trial conference. But the government requests that *it also* be given copies of all documents produced pursuant to any such subpoenas, pursuant to Rule 17(c)(1).

Providing such documents to the government would not reveal the defense's litigation strategy. The government already knows that the defense will seek to impeach its likely witnesses – the victims of defendant's sexual abuse. Keeping these documents from the government would subject it and the witnesses to unfair surprises during trial and would prevent the government from conducting follow-up investigation to learn and present to the jury all relevant facts

surrounding any prior instances of alleged misconduct or dishonesty by government witnesses.

## V. AVAILABILITY OF A TAINT AUSA TO REPRESENT THE UNITED STATES IN *IN CAMERA* PROCEEDINGS

If the Court is inclined to allow the defense to submit *in camera* requests for Rule 17 subpoenas, then the government requests that an AUSA who is not affiliated with the prosecution of this matter — and who would remained walled off from the trial team — be allowed to participate in the *in camera* litigation of this matter. The taint AUSA would also be available to represent the government's interests with respect to defendant's *in camera* requests for Rule 17 subpoenas and the Court's post-issuance consideration of whether the produced documents may appropriately be produced to the parties under Rule 17.

## VI. CONCLUSION

The government respectfully objects to the *in camera* nature of these subpoena requests. It also offers the above legal authorities and analysis for the Court in its consideration of any *in camera* Rule 17 subpoena requests it may consider. Also, for the foregoing reasons, the government respectfully requests that it be given copies of all documents produced to the court in response to any such Rule 17 subpoenas and that a taint AUSA be permitted to represent the government's interests in the *in camera* litigation as set forth above.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 05-1111(A)-RGK | | Date | February 8, 2007 |
|---|---|---|---|---|

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | None |

| Sharon L. Williams | Not Reported | Matthew Umhofer, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| JOSE MURILLO | N | X | | Mark Windsor | N | X | |

| Proceedings: | **(IN CHAMBERS) GOVERNMENT'S MOTION TO QUASH DEFENDANT'S SUBPOENAS TO FEDERAL AND STATE CORRECTIONAL FACILITIES** |
|---|---|

The government moves the Court to quash subpoenas issued by the Court on behalf of Defendant Jose Murillo.

Defendant's subpoenas seek recorded telephone calls, disciplinary reports, housing records, grievances, confidential files, and all records related to protective custody for CW1 and J.W. Similar requests have been made regarding CW4, including visitor logs for that witness. The subpoenas have been served on a host of institutions: the United States Penitentiaries at Lompoc, Atwater, Big Sandy, and Victorville; the Federal Correctional Institutions at Terminal Island and Sheridan, Oregon; and local institutions including San Bernardino County Central Detention Facility, the California state prisons, the Los Angeles County Jail, and the Alhambra City Jail.

Subpoenas issued under Federal Rules of Criminal Procedure ("Rule") 17(c) should not be employed as a discovery device. *United States v. Nixon*, 418 U.S. 683, 698-99 (1984). A criminal defendant cannot use subpoenas to circumvent the discovery limitations of Rule 16. However, it appears that Defendant's subpoenas seek to do precisely this. The subpoenas relate only to government witnesses for whom the government has clear discovery obligations. At this time, the Court has no reason to assume that the government is not meeting its discovery obligations under Rule 16. If, however, the government is not complying with its discovery obligations, the proper channel for Defendants is to bring a discovery motion.

Compelling safety and privacy issues are at stake. There is no question that incarcerated witnesses face grave danger in prison. Numerous federal courts have recognized the dangers posed to inmates branded "snitch." *See Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). Revealing the locations of government witnesses and their personal information requested by Defendant would expose those inmates to danger.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Finally, Defendants subpoenas are extremely broad. Subpoenas may not be used by a defendant in a "fishing expedition." *Nixon*, 418 U.S. at 698-99. The party issuing the subpoena must be able to establish that (1) the documents sought are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." *Nixon*, 418 U.S. at 700.

Defendant has not made the requisite showing. Absent a showing that the subpoenas are necessary above and beyond the channels of discovery under Rule 16, the Court finds that the subpoenas are improper.

Accordingly, the government's motion to quash is hereby **granted**.

**IT IS SO ORDERED.**

                                                                                                                                                                                                                                               :

Initials of Deputy Clerk    slw