CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
CRAIG A. HARBAUGH (Bar No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
Deputy Federal Public Defenders
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
JOHN JACOB OLIVAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOHN JACOB OLIVAS, Defendant. | Case No. ED CR 18-00231-JGB **JOHN JACOB OLIVAS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRECLUDE GUILT-ASSUMING HYPOTHETICALS** Hearing Date: August 23, 2021 Hearing Time: 2:00 p.m. Location: Courtroom of the Hon. Jesus G. Bernal |

PLEASE TAKE NOTICE THAT defendant, John Jacob Olivas, by and through his counsel of record, Deputy Federal Public Defenders Angela C. C. Viramontes and Craig A. Harbaugh, moves this Honorable Court for an order precluding the government from asking guilt-assuming hypotheticals at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

1 | This motion is based on the attached memorandum of points and authorities, any
2 | declarations of counsel and any exhibits attached hereto, all files and records in this
3 | case, and such further information as may be provided to the Court with respect to this
4 | motion.

                Respectfully submitted,

                CUAUHTEMOC ORTEGA
                Federal Public Defender

DATED: July 19, 2021    By */s/ Angela C. C. Viramontes*
                ANGELA C. C. VIRAMONTES
                CRAIG A. HARBAUGH
                Deputy Federal Public Defenders
                Attorneys for JOHN JACOB OLIVAS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND ARGUMENT

Mr. Olivas objects to the use of any "guilt-assuming questions" and files this motion to preclude and prohibit such questions at trial.[1]

**A.  "Guilt-assuming" Questions Are Questions in Which the Prosecutor Uses the Facts Underlying the Defendant's Arrest in the Present Case to Attack the Testimony of the Defendant's Character Witnesses.**

"Guilt-assuming" questions come in many forms. *See e.g.*, *U.S. v. Barta*, 888 F.2d 1220, 1225 (8th Cir. 1989) (cross-examination questions regarding whether the defense character witness is familiar with the facts underlying the charge "exceed the bounds of propriety, premised, as [such questions] are, on a presumption of guilt"); *U.S. v. Siers*, 873 F.2d 747, 749 (4th Cir. 1989) (in case where the defendant was asserted self-defense, improper cross to ask, "Would it change your opinion of [the defendant] being a peaceful person if she shot an individual and wounded him with a sawed-off shotgun?"); *U.S. v. Candelaria-Gonzalez*, 547 F.2d 291, 293-94 (5th Cir. 1977) ("Government counsel on cross-examination asked if [the defendant's] indictment would affect the witness' opinion of him and his reputation in general").

The common element in all these questions, and the reason courts forbid them, is that the prosecutor is using the facts underlying the defendant's arrest to either bolster their expert's opinion or attack a defense character witness' testimony.

---

[1] *See e.g., State v. Pansegrau*, 524 N.W.2d 207, 210-11 (Iowa App. 1994) (Trial judge erred in allowing the prosecutor to ask a rape trauma expert a hypothetical question that "outlined all the events the alleged victim had testified preceded the alleged rape" because it resulted in the expert rendering an opinion on the victim's credibility).

3

B.  **"Guilt-Assuming" Questions are Contrary to the Presumption of Innocence, are Analogous to Prosecutorial "Vouching," and are Inconsistent with the Jury's Role as the Ultimate Fact-Finder.**

1. **"Guilt-Assuming" Questions Are Contrary to the Presumption of Innocence.**

The most glaring problem with "guilt-assuming" questions is that they are inconsistent with the presumption of innocence to which a defendant is entitled under the law. As the Ninth Circuit has held, "the use of guilt-assuming hypotheticals undermines the presumption of innocence and thus violates a defendant's right to due process." *U.S. v. Shwayder*, 312 F. 3d 1109, 1121 (9th Cir. 2002). Several other circuit have found the same– "We think, recollecting the trial of Galileo for heresy, the Salem witchcraft trials, and the trial of the Knave of Hearts, where an assumption of guilt was so strong it prompted the Queen to say 'sentence first -- verdict afterward,' that to avoid these stains on the fabric of a fair trial courts must diligently guard against this type of unjust questioning." *U.S. v. Damblu*, 134 F.3d 490, 491 (2d Cir. 1998); *see also U.S. v. Mason*, 993 F.2d 406, 409 (4th Cir. 1993) ("adherence to a basic concept of our justice system, the presumption of innocence, is not served by this line of questioning"); *U.S. v. Barta*, 888 F.2d 1220, 1224 (8th Cir. 1989) (guilt-assuming questions "unfairly undermin[e] the presumption of innocence"); *U.S. v. Candelaria-Gonzalez*, 547 F.2d 291, 294 (5th Cir. 1977) (guilt-assuming questions "str[ike] at the very heart of the presumption of innocence which is fundamental to Anglo-Saxon concepts of a fair trial").

2. **"Guilt-Assuming" Questions Are Analogous to Prosecutorial "Vouching."**

A second problem with "guilt-assuming" questions is that they "suggest [to the jurors] that there may be evidence of [the] defendant's guilt in the hands of the prosecutor that goes beyond the evidence before the jury." *Damblu*, 134 F.3d at 495. Backed by the full weight and prestige of the Government of the United States of

America, the prosecution suggests that the character witness should reassess the defendant's character, the obvious implication being that the defendant is guilty. This is analogous to prosecutorial vouching. Cf. *Barta*, 888 F.2d at 1225 ("These questions permitted the government to improperly bolster the weight of its own evidence by implying that the witnesses might have answered differently had they heard the same evidence as the jury"). The unfairness of this line of questioning is highlighted when the witness is certified as an "expert" by the prosecutor and court. In that vein, where the prosecutor asks "guilt-assuming questions" the defendant's guilt is seemingly presupposed by a licensed expert. In the context of character witnesses, whose role is to shed light on the defendant's character so the jury can assess whether the defendant is the kind of person who could have committed the charged crime, these types of guilt-assuming questions similarly intimate that the lay witnesses should be influenced by the fact of a defendant's mere arrest.

### 3. "Guilt-Assuming" Questions Are Inconsistent with the Jury's Role as the Ultimate Fact-Finder.

A final problem with guilt-assuming questions is that they corrupt the jury's role as ultimate fact-finder. Asking an expert or character witness whether her opinion is based, or could be changed, on limited facts surrounding the defendant's underlying arrest is tantamount to asking whether she believes the defendant to be guilty based on those facts; logically, a suggested change in opinion would be premised on the belief that the defendant is guilty. Of course, it is improper to ask a witness for such an opinion directly. The Court should not allow the prosecution to ask for these opinions indirectly, using these questions. Moreover, while guilt-assuming questions can be highly prejudicial, they have no probative value; jurors can decide themselves what significance to attach to the fact that the defendant has been charged with committing the act averred in the indictment. Indeed, that is the jury's role. See *U.S. v. Oshatz*, 912 F.2d 534, 538 (2d Cir. 1990) ("Insofar as nonexpert character witnesses are concerned . . . we believe that the probative value of hypothetical questions such as the one at issue

5

herein is negligible and should not be asked. The jury is in as good a position as the non-expert witness to draw proper inferences concerning the defendant's character from its own resolution of the issue.") (citation omitted).

### C. Jury Instruction

Therefore, Mr. Olivas requests that this Court preclude the use of such guilt-assuming hypothetical questions. Should the Court refuse to prohibit this line of questioning, Mr. Olivas asks for a limiting instruction, such as: In this case you heard questions posed from hypothetical situations, some of which closely resemble the facts of this case. You are not to take these questions as evidence. The questions are, in fact, not evidence in this case, but questions from the lawyers representing their interpretation of the evidence. Cf. 9th Cir. Model Jury Instruction 3.7 (2010) (modified). Such an instruction is necessary given the significantly prejudicial impact that these types of questions will have at trial.

## II. CONCLUSION

For the reasons stated above, Mr. Olivas requests that the Court preclude the government from asking guilt-assuming hypotheticals at trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 19, 2021     By  /s/ Angela C. C. Viramontes
ANGELA C. C. VIRAMONTES
CRAIG A. HARBAUGH
Deputy Federal Public Defenders
Attorneys for JOHN JACOB OLIVAS