CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E Mail: Angela_Viramontes@fd.org)
CRAIG A. HARBAUGH (Bar No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
Deputy Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
JOHN JACOB OLIVAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JACOB OLIVAS,<br><br>Defendant. | Case No. ED CR 18-00231-JGB<br><br>**JOHN JACOB OLIVAS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO HIS ALLEGED STEROID USE**<br><br>**Hearing Date:** August 23, 2021<br>**Hearing Time:** 2:00 p.m.<br>**Location:** Courtroom of the Hon. Jesus G. Bernal |

PLEASE TAKE NOTICE THAT defendant, John Jacob Olivas, by and through his counsel of record, Deputy Federal Public Defenders Angela C. C. Viramontes and Craig A. Harbaugh, moves this Honorable Court for an order precluding any reference to Mr. Olivas' alleged steroid use at trial. This motion is made pursuant to Federal Rules of Evidence 401, 402, and 403.

///
///
///
///

1

1  This motion is based on the attached memorandum of points and authorities,
2  any declarations of counsel and any exhibits attached hereto, all files and records in
3  this case, and such further information as may be provided to the Court with respect to
4  this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 19, 2021     By  /s/ Angela C. C. Viramontes
ANGELA C. C. VIRAMONTES
CRAIG A. HARBAUGH
Deputy Federal Public Defenders
Attorneys for JOHN JACOB OLIVAS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL STATEMENT

Mr. Olivas is charged with violating 18 U.S.C. § 242, deprivation of rights under color of law, deprivation of bodily integrity. Mr. Olivas moves *in limine* to preclude any reference to his alleged steroid use at trial as not relevant under F.R.E. 401, and more prejudicial than probative under F.R.E. 403.

## II. ARGUMENT

### A. Mr. Olivas' Alleged Steroid Use or Possession Is Irrelevant

Federal Rule of Evidence 402 provides that evidence is admissible only if it is relevant, with relevance defined in Rule 401 as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Federal Rule of Evidence 401. It is the government's burden to prove how testimony about Mr. Olivas' alleged steroid use or possession is relevant to this case. *See United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991), as amended (Dec. 16, 1991) (government's burden to show relevancy of proposed testimony).

In this case, the government cannot meet their burden of proving the relevance of Mr. Olivas' alleged steroid use or possession because that evidence is entirely unconnected with the charged crimes. Mr. Olivas is charged with violating 18 U.S.C. § 242. His alleged steroid use makes no fact of consequence to that specific charge more or less likely. Thus, any mention of Mr. Olivas' alleged steroid use would be irrelevant and must be precluded.

Courts have consistently recognized that steroid use that is extraneous to the charged crimes is irrelevant and should be excluded from trial. For example, in *United States v. Casimiro,* the defendant was charged with conspiring to distribute cocaine. No. S1 09 CR 497 NRB, 2011 WL 2714217 (S.D.N.Y. July 8, 2011). The government filed a motion *in limine* to admit evidence that the defendant purchased steroids on two occasions. The court rejected the government's motion, concluding that the

3

evidence of "steroid transactions is not sufficiently relevant to an issue in this case" because "there is a clear disparity between the crime charged and the nature of the controlled substances." *Id.,* at *3. The "disparity" between the crime charged and the alleged use of steroids is even more striking in this case, as Mr. Olivas was not charged with a drug crime at all. Thus, Mr. Olivas' alleged steroid use is irrelevant as it is utterly unconnected to any fact of consequence in this case.

The sole reason for the government's admission of Mr. Olivas' alleged steroid evidence in this case would be to prove that Mr. Olivas has broken the law in the past -- a reason barred by the prohibition against inadmissible character evidence.[1] In *United States v. Richardson*, the government sought to introduce evidence of the defendant's prior possession of steroids in a trial in which the defendant was charged with various fraud crimes and one count of witness tampering. No. 11-CR-220, 2012 WL 441130 (S.D. Ohio Feb. 10, 2012). The court found that the government's only reason for introducing evidence of steroid possession would be to "prove that Defendant violated the law when he possessed the steroids and therefore, he must have violated the law in other respects." *Id.* at *4. Thus, the court precluded any evidence of the defendant's possession of steroids, as the evidence was not "probative of a material issue other than character." *Id*. Just as in *Richardson,* the only reason to introduce evidence of Mr. Olivas' prior alleged steroid use would be to demonstrate that because Mr. Olivas possessed illegal drugs in the past, he was more likely to have committed other crimes. Such reasoning would be improper character evidence. Because Mr. Olivas' alleged prior steroid use is not relevant for any proper purpose, it should be excluded.

---

[1] The government has not provided the defense with notice that that it intends to introduce Mr. Olivas' alleged steroid use or possession under Federal Rule of Evidence 404(b). Thus, the defense does not address that issue in this motion.

**B.     Mr. Olivas' Alleged Steroid Use Is Unfairly Prejudicial and Should Be Precluded by Rule 403**

Federal Rule of Evidence 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Federal Rule of Evidence 403.

Even if the court finds that there is some relevance to Mr. Olivas' alleged steroid use, the probative value of that alleged steroid use is minimal, as it does not directly connect to the charged crime in any way.

In contrast, the unfair prejudice of allowing the jury to hear about Mr. Olivas' alleged steroid use is extraordinarily high. Steroids are an illegal drug. Thus, any mention of Mr. Olivas' previous alleged steroid use would indicate to the jury that Mr. Olivas has broken the law in the past, and therefore leaves open the potential for the jury to engage in improper propensity reasoning. *See, e.g., United States v. Hill*, 953 F.2d 452, 458 (9th Cir. 1991), as amended (Dec. 16, 1991) (reversing conviction because "testimony about drug use . . . was inadmissible character evidence").

Indeed, courts have recognized that evidence of previous illegal drug use is highly prejudicial. The Ninth Circuit has noted that "the issue of narcotics use must be handled with some sensitivity because it can result in unnecessary prejudice and hostility toward a witness." *United States v. Domina*, 784 F.2d 1361, 1366–67 (9th Cir. 1986) (quoting *United States v. Kizer*, 569 F.2d 504, 506 (9th Cir. 1978)). Evidence is "particularly prejudicial when . . . 'the proffered evidence connects a party with a highly charged public issue, such as . . . narcotics.'" *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995) (quoting *Weinstein's Evidence* § 403[3], pp. 43–44). In this case, admitting evidence of Mr. Olivas' alleged steroid use would be particularly inflammatory, unfairly prejudicing Mr. Olivas without any accompanying probative value. As a result, the evidence must be excluded.

///

///

### III. CONCLUSION

Based on the above, the defense respectfully requests that the Court issue an order precluding any reference to Mr. Olivas' alleged steroid use or possession.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 19, 2021         By  */s/ Angela C. C. Viramontes*
                                ANGELA C. C. VIRAMONTES
                                CRAIG A. HARBAUGH
                                Deputy Federal Public Defenders
                                Attorneys for JOHN JACOB OLIVAS