TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6938
     Facsimile: (951) 276-6202
     E-mail:    Eli.Alcaraz@usdoj.gov
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     312 North Spring Street, 15th Floor
     Los Angeles, CA 90012
     Telephone: (213) 894-4850
     Facsimile: (213) 894-0141
     E-mail:    Frances.Lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 18-231-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF DEFENDANT'S ALLEGED PRIOR GOOD ACTS |
| v. | |
| JOHN JACOB OLIVAS, | Hearing Date: August 23, 2021 |
| Defendant. | Hearing Time: 2:00 P.M.<br>Location:    Courtroom of the<br>             Hon. Jesús G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Frances S. Lewis hereby files its Motion in Limine No. 2 to Exclude Evidence of Defendant's Prior Good Acts under Federal Rules of Evidence 402, 403, 404, and 405.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 19, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Frances S. Lewis*
ELI A. ALCARAZ
FRANCES S. LEWIS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

TABLE OF CONTENTS

I.    INTRODUCTION..................................................1

II.   ARGUMENT: THE COURT SHOULD EXCLUDE TESTIMONY OF ALLEGED
      SPECIFIC PRIOR GOOD ACTS OF DEFENDANT AT TRIAL.................1

      A.    Evidence of Alleged Specific Good Acts Is Inadmissible....2

      B.    If the Court Admits Opinion or Reputation Testimony,
            the Government Should Be Permitted to Rebut Such
            Testimony with Specific Bad Acts..........................5

III.  CONCLUSION....................................................7

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

French v. United States,
  232 F.2d 736 (5th Cir. 1956) ....................................... 4

Michelson v. United States,
  335 U.S. 469 (1948) ......................................... 2, 5, 6

United States v. Barry,
  814 F.2d 1400, (9th Cir. 1987) ................................. 2, 5

United States v. Camejo,
  929 F.2d 610 (9th Cir. 1991) ....................................... 4

United States v. Castillo,
  181 F.3d 1129 (9th Cir. 1999) ...................................... 6

United States v. Diaz,
  961 F.2d 1417 (9th Cir. 1992) ...................................... 4

United States v. Edwards,
  549 F.2d 362 (5th Cir. 1981) ....................................... 6

United States v. Ellisor,
  522 F.3d 1255 (11th Cir. 2008) ..................................... 3

United States v. Hedgcorth,
  873 F.2d 1307 (9th Cir. 1989) ................................... 3, 4

United States v. Heidecke,
  900 F. 1155 (7th Cir. 1990) ........................................ 4

United States v. Melton,
  739 F.2d 576 (11th Cir. 1984) ...................................... 6

United States v. Nazzaro,
  889 F.2d 1158 (1st Cir. 1989) ...................................... 3

United States v. Pintado-Isiordia,
  448 F.3d 1155 (9th Cir. 2006) ...................................... 2

United States v. Scarpa,
  913 F.2d 993 (2d Cir. 1990) ........................................ 5

United States v. Solomon,
  686 F.2d 863 (11th Cir. 1982) ...................................... 4

United States v. Washington,
  106 F.3d 983 (D.C. Cir. 1997) ...................................... 3

**Statutes**

18 U.S.C. § 242................................................. 1

**Rules**

Fed. R. Evid. 403............................................... 2

Fed. R. Evid. 608(a)............................................ 6

Fed. R. Evid. 402............................................... 1

Fed. R. Evid. 404............................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In 2011 and 2012, defendant John Jacob Olivas ("defendant") used his position and power as a federal law enforcement agent to sexually abuse his victims and prevent them from reporting his sexual assaults in violation of their constitutional rights. At the time, defendant was a Special Agent with Homeland Security Investigations ("HSI") of the U.S. Immigration and Customs Enforcement in San Bernardino, California. Defendant used not only his official position, but also acts of violence and threatening words to instill pervasive fear in his victims. The abuse of his position and this fear were designed to prevent them from reporting defendant's assaults, and he was successful. For this conduct, defendant is charged with three counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242.

**II. ARGUMENT: THE COURT SHOULD EXCLUDE TESTIMONY OF ALLEGED SPECIFIC PRIOR GOOD ACTS OF DEFENDANT AT TRIAL[1]**

At trial, the government anticipates that defendant may try to introduce evidence of his prior "good" acts in an effort to paint himself in a more positive light in front of the jury.[2] These acts could include his service in the armed forces, positive performance evaluations, certificates of appreciation, the absence of other disciplinary complaints, or other specific acts relating to his job

---

[1] For a fuller recitation of the Statement of Facts and Procedural History of the case, the government incorporates by reference those sections from the government's Motion in Limine No. 1 filled concurrently herewith.

[2] The government conferred with defense counsel prior to filing the instant motion. Defendant has not disclosed what, if any, character evidence defendant will seek to introduce at trial.

performance or good character. Defendant may try to introduce this evidence during opening statement, on cross-examination, or during his case-in-chief. This evidence is improper character evidence under Federal Rules of Evidence 404 and 405 and should be excluded.[3]

In particular, the government understands that defendant served in the armed forces and received an honorable discharge upon completion of his service. For the reasons herein, defendant's service, including any awards, injuries in the line of duty, or acts of heroism, as well as any other purported good acts such as positive performance reviews as an HSI special agent or the absence of disciplinary action, are inadmissible under Rules 404 and 405. They are also unfairly prejudicial under Rule 403.

**A. Evidence of Alleged Specific Good Acts Is Inadmissible**

The Supreme Court has recognized that character evidence -- particularly cumulative character evidence -- has weak probative value and great potential to confuse the issues and prejudice the jury. Michelson v. United States, 335 U.S. 469, 480, 486 (1948). The Supreme Court thus has given trial courts wide discretion to limit the presentation of character evidence. Id. at 486; United States v. Pintado-Isiordia, 448 F.3d 1155, 1158 (9th Cir. 2006) (agreeing with district court that "the only apparent purpose" for introducing a photograph of defendant in military uniform was "to elicit the jury's sympathy and patriotism, which runs afoul of Fed. R. Evid. 403").

---

[3] Much of this type of evidence, such as performance evaluations or letters of commendation, may also be inadmissible hearsay. United States v. Barry, 814 F.2d 1400, 1404, (9th Cir. 1987) (finding that evidence of prior acts under Federal Rule of Evidence 404 and 405 must be offered in a form admissible under the Federal Rules; letters of commendation were hearsay).

2

Rule 404(a)(1) requires that character evidence must relate to a "pertinent trait." Evidence, for example, that defendant received commendations or certificates of appreciation or that he performed good work as a federal agent or acts of heroism during military service is not relevant to any pertinent trait at issue in this case. See, e.g., United States v. Hedgcorth, 873 F.2d 1307, 1313 (9th Cir. 1989) (evidence of defendant's role as government intelligence officer properly excluded where offered to show that defendant was "patriotic," "pro-government," and unlikely to engage in acts of terrorism); see also United States v. Washington, 106 F.3d 983, 1000-01 (D.C. Cir. 1997) (police officer's commendations were not admissible because his performance as a police officer was neither "pertinent" to nor an essential element of the charged offenses, even where the government had introduced evidence of prior bad acts to prove knowledge, intent, and predisposition); United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1989) (evidence of officer's prior commendations were properly excluded because "the traits which they purport to show -- bravery, attention to duty, perhaps community spirit -- were hardly 'pertinent' to the crimes [charged]").

Indeed, evidence alleging defendant's specific good acts would be offered only to demonstrate that defendant was a competent law enforcement officer who would not abuse his position, or that defendant was a "good person," which would only serve to mislead the jury into believing that defendant could not have committed the serious crimes charged because of his general "good" character. Thus, such evidence should be excluded under Rule 404(a)(1). Hedgcorth, 873 F.2d at 1313; see also United States v. Ellisor, 522 F.3d 1255, 1270 (11th Cir. 2008) (defendant who sold tickets to

3

Christmas show that never took place was properly precluded from offering evidence of other non-fraudulent shows); United States v. Heidecke, 900 F. 1155, 1162 (7th Cir. 1990) (failure to find evidence of misconduct in public official's file other than the charged misconduct was not admissible).

Moreover, even if such character traits were relevant, the form of the character evidence must be proper.  Federal Rule of Evidence 405(a) sets forth the sole methods by which character evidence may be introduced.  Rule 405(a) states that where evidence of a character trait is admissible, proof may be made in two ways: (1) by testimony as to reputation; and (2) by testimony as to opinion.  Accordingly, if a defendant wishes to introduce pertinent character evidence, he must do so through reputation or opinion testimony only.  Hedgcorth, 873 F.2d at 1313 ("[W]hile a defendant may show a character for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible." (citations omitted)); United States v. Camejo, 929 F.2d 610, 613 (9th Cir. 1991) (evidence of specific instances is not admissible to prove the defendant's good character); United States v. Solomon, 686 F.2d 863, 874 (11th Cir. 1982) (evidence of a defendant's military history is inadmissible to prove a defendant's good character, as character evidence must be in the form of opinion of reputation testimony); French v. United States, 232 F.2d 736 (5th Cir. 1956) (evidence of specific facts like battle citations not permissible to show good character).

Defendant may not introduce specific instances of his purported character to be law-abiding or of any otherwise peaceful nature, although he may offer reputation or opinion testimony on the subject.  United States v. Diaz, 961 F.2d 1417, 1418 (9th Cir. 1992) (holding

4

defendant's character witnesses could testify that defendant was law-abiding but not concerning belief of defendant's specific character as being non-prone to committing drug deals); see Michelson, 335 U.S. at 476-77 (holding that while a defendant may show a character for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible).

Evidence that defendant lacks a history of prior bad acts also does not constitute evidence of a pertinent character trait, and must be excluded. United States v. Barry, 814 F.2d 1400, 1403 (9th Cir. 1987) ("[T]estimony as to the lack of prior bad acts is, in essence, testimony as to the multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a)." (internal quotation marks omitted)); see also United States v. Scarpa, 913 F.2d 993, 1010 (2d Cir. 1990) ("A defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions."). Any admissible character evidence must also have a temporal proximity to the charged offenses to be relevant under Rule 403. Barry, 814 F.2d at 1404 (citations omitted).

**B.  If the Court Admits Opinion or Reputation Testimony, the Government Should Be Permitted to Rebut Such Testimony with Specific Bad Acts**

If the Court permits defendant to introduce reputation or opinion testimony about his good character, the government must be allowed to rebut such testimony with evidence of defendant's prior bad acts.[4] United States v. McGuire, 744 F, 2d 1197, 1204 (9th Cir. 1984) (stating that it is well-settled that "[o]nce the defendant has

---

[4] The government is separately moving to admit certain prior bad acts by defendant under Rule 413, or in the alternative, Rule 404(b).

5

'opened the door' by offering evidence as to his good character, the prosecution may rebut that evidence"). The government may do so through cross-examination of defendant's witnesses or through its own rebuttal witnesses. For example, once the door is opened, the government may elicit from rebuttal witnesses or on cross-examination that defendant has a bad character or reputation "to show that damaging rumors, whether or not well-grounded, were afloat -- for it is not the man that he is, but the name that he has which is put in issue." Michelson, 335 U.S. at 479.

Similarly, if defendant introduces such reputation or opinion testimony as to his peacefulness or law-abiding nature, the government will be entitled to cross-examine by asking about specific instances indicating contrary tendencies of defendant, including prior convictions. See United States v. Castillo, 181 F.3d 1129, 1133-34 (9th Cir. 1999). Such cross-examination is proper to test whether the witness truly has knowledge of a defendant's reputation and also to determine whether that knowledge influences his or her opinion in any way. United States v. Edwards, 549 F.2d 362, 367 (5th Cir. 1981).

Finally, to be clear, if defendant decides to testify, like any witness, the government may elect to produce rebuttal character evidence as to that defendant's veracity regardless of whether defendant introduces opinion or reputation evidence of good character. Fed. R. Evid. 608(a); United States v. Melton, 739 F.2d 576, 576-89 (11th Cir. 1984) ("By choosing to testify, [the defendant] placed his credibility in issue as does any other witness.").

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion in limine and preclude defendant from introducing testimony or evidence about his alleged good character or prior acts tending to demonstrate the same.