TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6938
     Facsimile: (951) 276-6202
     Email:    Eli.Alcaraz@usdoj.gov
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Deputy Chief, General Crimes Section
     312 North Spring Street, 15th Floor
     Los Angeles, California 90012
     Telephone: (213) 894-4850
     Facsimile: (213) 894-0141
     Email:    Frances.Lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 18-231-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE IMPROPER CHARACTER EVIDENCE OF VICTIMS |
| v. | |
| JOHN JACOB OLIVAS, | Hearing Date: November 15, 2021<br>Hearing Time: 2:00 P.M. |
| Defendant. | Location:    Courtroom of the Hon. Jesús G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Frances S. Lewis, hereby files its Motion in Limine No. 3 to Exclude Improper Character Evidence of Victims.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 12, 2021           Respectfully submitted,

                                            TRACY L. WILKISON
                                          Acting United States Attorney

                                          SCOTT M. GARRINGER
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                          */s/ Eli A. Alcaraz*
                                          ELI A. ALCARAZ
                                          FRANCES S. LEWIS
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

```
```
Case 5:18-cr-00231-JGB   Document 101   Filed 10/12/21   Page 3 of 11   Page ID #:615

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In 2011 and 2012, defendant John Jacob Olivas ("defendant") used his position and power as a federal law enforcement agent to sexually abuse and attempt to sexually abuse two of his intimate partners, K.L. and N.B., and to prevent them from reporting his sexual assaults, as well as other acts of violence, to law enforcement. Defendant's abuse of his federal law enforcement authority violated the victims' constitutional rights: namely, their rights to liberty and bodily integrity. For three specific sexual assaults and attempted sexual assaults of K.L. and N.B., defendant is charged with three counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242.

Trial is scheduled for November 30, 2021. (Dkt. 100 at 2.) All motions, including specifically "any motions under Rules 405 and 412," are due no later than October 12, 2021. (Id. at 3 n.1.) Counsel for the government has asked defense counsel whether defendant will seek to introduce evidence of any victim's sexual history under Federal Rule of Evidence 412, which requires that a defendant give notice of any specific acts in advance of trial. Fed. R. Evid. 412(c). The parties met and conferred about the notice requirement in Rule 412 on October 6, 2021, and defense counsel said that defendant would provide such notice over the weekend, which ended October 10, 2021. As of the time of this filing, the United States has not received any specific notice. Accordingly, the United States hereby files this motion in limine to exclude argument, questions, and evidence by the defense concerning any victim's sexual

history, under Rules 402, 403, 404, and 412 of the Federal Rules of Evidence.

**II.  ARGUMENT[1]**

    **A.  Evidence of the Victims' Prior Sexual Histories is Inadmissible Under Rule 412**

Federal Rule of Evidence 412 states that in cases involving allegations of sexual misconduct, "evidence offered to prove that a victim engaged in other sexual behavior" and "evidence offered to prove a victim's predisposition" are inadmissible. Fed. R. Evid. 412(a). "Sexual behavior" includes "all activities that involve actual physical conduct, i.e. sexual intercourse or sexual contact, or that imply sexual intercourse or sexual contact," such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease. Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). The reference to "sexual predisposition" is "designed to exclude evidence that . . . the proponent believes may have a sexual connotation for the factfinder," such as "the alleged victim's mode of dress, speech, or lifestyle." Id.; see also B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1098, 1103-04 (9th Cir. 2002) (in a sexual discrimination case, "sexual behavior" included testimony that victim modeled lingerie and other conduct).

According to the advisory committee notes accompanying this section:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims

---

[1] Rather than restate the Statement of Facts of the case herein, the United States incorporates by reference that information from its Motion in Limine No. 1 to Admit Prior Bad Acts (Dkt. 80 at 4-12).

2

> protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Fed. R. Evid. 412, Advisory Committee Notes (1994). "Rule 412 seeks to achieve these objectives by barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." Id.

This would include such evidence as a victim's alleged promiscuous behavior. See, e.g., Doe v. United States, 666 F.2d 43, 47 (4th Cir. 1981) ("[R]eputation and opinion concerning a victim's past sexual behavior are not relevant indicators of the likelihood of her consent to a specific sexual act or of her veracity."); Wood v. Alaska, 957 F.2d 1544, 1552-53 (9th Cir. 1992) ("The proffered evidence in this case is particularly prejudicial because it indicates not only that M.G. had extramarital sex, but also that she . . . had sex both for money and for the purpose of making pornography. . . . [The jurors] could . . . conclude, contrary to the rape law, that a woman with her sexual past cannot be raped, or that she somehow deserved to be raped after engaging in these sexual activities. In light of these considerations, we conclude that the risk of confusion and prejudice is substantial.")

There are only three exceptions to this rule in criminal cases. The following such evidence is admissible:

> (a) [E]vidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

3

     (b) [E]vidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

     (c) [E]vidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b).  Importantly, impeaching a victim's truthfulness and showing her capability to fabricate a story are not recognized exceptions to Rule 412.  See United States v. Torres, 937 F.2d 1469, 1471-73  (9th Cir. 1991) (evidence of incident that occurred approximately six months after alleged aggravated sexual abuse of victim was not admissible under Rule 412, and court rejected defendant's argument that this evidence was admissible because it was relevant to victim's credibility); see also United States v. Withorn, 204 F.3d 790, 795 (8th Cir. 2000) ("[I]mpeaching the victim's truthfulness and showing her capability to fabricate a story are not recognized exceptions to Rule 412.") (streamlined). Additionally, the Ninth Circuit has held that for the purposes of Rule 412, the term "past sexual behavior" includes all sexual behavior of the victim that precedes the date of trial, even if that behavior occurred after the alleged assault.  See Torres, 937 F.2d at 1472.

     Before admitting such evidence under one of these exceptions, "the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard." Fed. R. Evid. 412(c)(2). In addition, "[u]nless the court orders otherwise, the motion, related materials, and the record of the hearing must be an remain sealed." Id. Moreover, the defendant must provide written notice, in the form of a noticed motion, at least 14 days prior to trial, of

4

his interest to use such evidence, unless the court, for good cause, sets a different time. Fed. R. Evid. 412(c)(1). This Court set a different time. Specifically, the parties stipulated to an earlier disclosure (Dkt. 99 at 3 n.1), and the Court ordered that all motions, including "any motions under Rules 405 and 412," must be filed no later than October 12, 2021 (Dkt. 100 at 3 n.1).

At this time, defendant has not provided notice of intent to admit such evidence, despite the government's inquiry. However, even assuming that defendant did, none of the exceptions of Rule 412(b) apply. The sexual assaults charged in this case were part of a pattern of abuse by defendant toward his intimate partners such that the source of semen, injury, or other physical evidence is not reasonably in dispute. Nor has defendant colorably alleged that the victims consented to being sexually assaulted. Accordingly, any victim's alleged other sexual behavior or any alleged sexual predisposition has no place in this trial.

Finally, exclusion of this evidence would not violate defendant's constitutional rights. The Supreme Court has recognized that the right to cross-examination is not unlimited and that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); see also Torres, 937 F.2d at 1473 (accord); United States v. Payne, 944 F.2d 1458, 1469-70 (9th Cir. 1991) (affirming exclusion of cross examination concerning other sexual conduct of the victim over defendant's argument that it was relevant

5

to impeach credibility of the victim); Agard v. Portuondo, 117 F.3d 696, 702-03 (2d Cir. 1997) (no violation of Confrontation Clause or Due Process where cross-examination questions were limited regarding victim's prior sexual experience because of highly prejudicial nature of testimony), rev'd on other grounds, 529 U.S. 61 (2000).

### B. Evidence of Other Alleged Specific Bad Acts by the Victims is Also Inadmissible Under Rule 404

Specific "bad act" evidence that is not otherwise admissible for one of the delineated purposes under Rule 412 is only admissible if it relates to a "pertinent trait of character" of the victim. Fed. R. Evid. 404. To be admissible, the character trait in question must be one that is pertinent to the issues before the jury. United States v. Angelini, 678 F.2d 380, 381 (1st Cir. 1982). As with character traits of defendants, controlling Ninth Circuit authority prohibits defendants from introducing any specific acts of conduct to establish a character trait of the victim, and restricts such character evidence to opinion or reputation testimony. United States v. Keiser, 57 F.3d 847, 857 (9th Cir. 1995) (holding that because the character of the victim is not an "essential element" of a charge of assault resulting in serious bodily injury, even where the defense is self-defense, its proof is limited to opinion and reputation testimony and may not be proven by specific acts).

For example, in cases involving allegations of excessive force by law enforcement officers, the character trait that most often arises is the issue of aggression or violence by the victim, which an officer may claim corroborates his or her own use of force in response to aggression by the victim. See, e.g., United States v. Geston, 299 F.3d 1130, 1137-38 (9th Cir. 2002). Here, however, the

issue is not whether defendant was justified in using force in response to aggression by the victim, but whether he forcibly raped or attempted to rape his victims. There is no circumstance, and defendant has not suggested one, where a sexual response would be an appropriate law enforcement tool in response to aggression or violence from a victim.

The United States is not aware of any specific prior bad acts by the victim that have any relevance to this case under Rule 404, or any pertinent character trait that would justify the introduction of opinion or reputation testimony about the victims, and defendant has not given any notice of such character evidence either. Such questioning, argument, or evidence should therefore be prohibited under Rules 402, 403, and 404.

### C. Prior Specific Acts by the Victims Are Also Inadmissible Under Rule 403

Furthermore, Rule 403 is sufficient to preclude cross-examination of witnesses on their past sexual experiences when such testimony's probative value would be substantially outweighed by unfair prejudice, or lacks relevance to the charges. Rule 402 states that evidence which is not "relevant" is not admissible. Evidence is relevant if it has "any tendency to make a fact [of consequence] more or less probable than it would without the evidence." Fed. R. Evid. 401. Moreover, even relevant evidence may be precluded where "its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

7

     Defendant is charged with deprivation of rights under color of law in violation of 18 U.S.C. § 242 by engaging in or attempting aggravated sexual abuse, as defined by 18 U.S.C. § 2241.  To prevail at trial on the crimes charged, the United States must prove beyond a reasonable doubt (1) that defendant deprived a victim of a constitutional right by committing the charged act (here, the rights to liberty and bodily integrity); (2) that he acted willfully; (3) that he acted under color of law; (4) that the offense was in California; and (5) that he committed or attempted aggravated sexual abuse.  18 U.S.C. § 242.  Forcible rape and attempted forcible rape, as alleged, constitute aggravated sexual abuse.  18 U.S.C. §§ 2241, 2246; 9th Cir. Manual of Mod. Crim. Instr. No. 8.164 (2010).

     Specifically, Count 1 of the indictment alleges that "[f]rom in or about August 2011 to in or about January 2012," defendant willfully deprived K.L. of her constitutional rights under color of law and identifies a specific instance of attempted aggravated sexual abuse in January 2012.  (Dkt. 1.)  Counts 2 and 3 allege that "[f]rom in or about March 2012 to on or about September 29, 2012," and "[f]rom on or about September 30, 2012 to in or about November 2012," respectively, defendant willfully deprived N.B. of her constitutional rights under color of law and identifies specific acts of aggravated sexual abuse in September and November 2012. (Id.)

     The sexual histories of the victims are irrelevant, will result in unfair prejudice, confuse the issues, cause undue delay, waste the court's time, and certainly raise all of the concerns expressed by Congress when it enacted Rule 412.  See, e.g., Cohn v. Papke, 655 F.2d 191, 194 (9th Cir. 1981) (holding that evidence of the victim's

past sexual experiences should be excluded under Rule 403).  Cross-examination or inquiry in this area should therefore be precluded.

**III. CONCLUSION**

    For the foregoing reasons, the United States respectfully requests that this Court grant its motion in limine and preclude defendant from introducing improper character evidence against the victims at trial.  If the defendant provides notice at a later date, the United States reserves the right to object to such notice as untimely and to move to exclude the evidence at that time.