MEGHAN BLANCO (California State Bar No. 238171)
LAW OFFICES OF MEGHAN BLANCO
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Telephone:  (949) 296-9869
Facsimile:  (949) 606-8988
mblanco@meghanblanco.com

Attorney for Defendant:
JOHN OLIVAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOHN JACON OLIVAS,<br><br>  Defendant. | Case No. 18-CR-231-JGB<br><br>***MOTION TO DISMISS WITHOUT PREJUDICE AND RECUSE THE USAO, OR IN THE ALTERNATIVE, TO DISMISS WITHOUT PREJUDICE AND RECUSE AUSA JOSEPH WIDMAN*** |

TO THE UNITED STATES ATTORNEY'S OFFICE: **Please note** that November 15, 2021, Defendant John Olivas will move for orders dismissing the current charges against Mr. Olivas, without prejudice, recusing the USAO in this District, and referring the matter to another USAO for prosecution.  In the alternative, Mr. Olivas will move for orders dismissing the charges in this case, without prejudice, and appointing another AUSA in this District, who does not have a conflict

of interest with Mr. Olivas, to the matter for conflict-free investigation and prosecution.

    This request is based on the attached Memorandum of Points and Authorities, the Declarations of Meghan Blanco and John Olivas, the files in this case, and any additional arguments or evidence that the Court wishes to hear.

Dated: October 12, 2021          Respectfully submitted,


                              By:___/s/ *Meghan Blanco*_____
                                  MEGHAN A. BLANCO
                                  Attorney for Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. INTRODUCTION**

During the relevant time period covered by the Indictment, Mr. Olivas was a case agent on *United States v. Julio Ramirez*, 11-CR-51-VAP – a significant drug and gun case that AUSA Joseph Widman prosecuted. It resulted in a hefty, 288-month, post-plea sentence. However, prior to sentencing, defendant Ramirez lodged a number of allegations against several case agents, including Mr. Olivas. Between December 2012 and approximately April 2013, AUSA Widman defended Mr. Olivas against those allegations in under-seal filings. And then, just months later, he assumed the role of lead prosecutor against Mr. Olivas in this case.

Because AUSA Widman had an incurable conflict of interest at the time he investigated and indicted this case, the current charges against Mr. Olivas should be dismissed without prejudice, the USAO in this District should be recused, and the matter should be referred to another USAO for prosecution. In the alternative, charges should be dismissed without prejudice and another AUSA in this District, who does not have a conflict of interest with Mr. Olivas, should be assigned the matter for conflict-free investigation and prosecution.

**B. BACKGROUND**

Mr. Olivas worked as a Special Agent for the Department of Homeland Security, Homeland Security Investigations from 2007 until his resignation in 2015. Between approximately

2010 and 2013, Mr. Olivas worked with AUSA Joe Widman in the investigation and prosecution of defendant Julio Ramirez in *United States v. Julio Ramirez*, 11-CR-51-VAP.

Defendant Ramirez pleaded guilty to drug and gun charges. He was ultimately sentenced to 288 months in custody. However, in December 2012 – between his change of plea hearing and sentencing – Mr. Ramirez accused Mr. Olivas of "having a girlfriend who belongs to the Casa Blanca Fern Street, a local gang. He assists her in illegal activities and helps her get out of jams. This is taking place right now." See Blanco Decl. at Exhibit A. Counsel for defendant Ramirez and AUSA Widman elected to continue defendant Ramirez's sentencing date so AUSA Widman could investigate the allegations against Mr. Olivas. It is believed that AUSA Widman also submitted a report to the Office of Professional Responsibility, per DOJ policy, as OPR opened its own investigation a short time later.

In the months that followed, AUSA Widman interviewed Mr. Olivas concerning his relationship with the woman identified in the defense's filing and defended Mr. Olivas against defendant Ramirez's allegations of misconduct. For the duration of time Mr. Olivas worked with AUSA Widman on the Ramirez matter – including the period AUSA Widman defended Mr. Olivas against Ramirez's allegations – Mr.

Olivas dated each of the alleged victims identified in the Indictment in this case.

Within months of interviewing and defending Mr. Olivas against allegations that threatened to unravel a plea agreement in a significant case that ultimately resulted in a 288-month sentence, AUSA Widman began investigating Mr. Olivas for allegedly abusing the very same women Mr. Olivas dated while he worked with AUSA Widman on the Ramirez matter.

**C. LAW**

Members of a U.S. Attorney's staff should not participate "in a particular investigation or prosecution if such participation may result in a personal ... conflict of interest, or the appearance thereof." 28 U.S.C. § 528. Prosecutors must be disinterested such that they may not represent the United States "in any matter in which they, their family, or their business associates have any interest." *Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 803, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987) (citation omitted). This is because "[a] scheme injecting a personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible factors into the prosecutorial decision and in some contexts raise serious constitutional questions." *Marshall v. Jerrico, Inc.* 446 U.S. 238, 249-50, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980) (citations omitted). As a

Motion to Recuse the USAO

result, the presence of an interested prosecutor is a fundamental error that "undermines confidence in the integrity of the criminal proceeding." Young, 481 U.S. at 810, 107 S.Ct. 2124 (citations omitted). Such errors are so fundamental that prejudice need not befall the defendant. *See United States v. Rosnow,* 977 F.2d 399, 411 (8th Cir. 1992).

### D. ARGUMENT

There should be no question that AUSA Widman, based on his former relationship with Mr. Olivas, is barred from any participation in this prosecution due to a conflict of interest. That conflict of interest is clear: (1) Mr. Olivas and AUSA Widman worked together on a significant case for years, during the exact timeframe covered by the Indictment in this case; (2) allegations were lodged against Mr. Olivas in a significant case on which AUSA Widman was lead prosecutor. Those allegations threatened to unravel a negotiated plea agreement that resulted in a 288-month sentence – likely AUSA Widman's lengthiest sentence during that time; (3) AUSA Wideman defended Mr. Olivas against allegations of misconduct to save his case. He interviewed Mr. Olivas concerning his relationship history ***while Mr. Olivas was dating the alleged victims in this case*** and filed an under-seal declaration that he drafted for Mr. Olivas concerning his past relationship;

Motion to Recuse the USAO

and (4) just months later, AUSA Widman assumed the role of lead prosecutor in an investigation of Mr. Olivas concerning allegations that he raped the very women he dated while the two worked together.

Based on AUSA Widman's relationship with Mr. Olivas, his defense of Mr. Olivas in the Ramirez matter, the appearance of bias and personal animosity that stemmed from allegations against Mr. Olivas in the Ramirez matter, and his communications with Mr. Olivas concerning past relationships, AUSA Widman had, and continues to have, a conflict of interest in this case.

Nevertheless, AUSA Widman elected to assume the role of lead prosecutor against Mr. Olivas.  He did not recuse himself from the matter.  He did not step aside to allow one of the other 250 AUSAs in Office who do not have a conflict of interest with Mr. Olivas investigate the case.

On August 1, 2018, after years of investigation, AUSA Widman presented charges against Mr. Olivas to a grand jury that had been impaneled over a year earlier.  He remained on the case as lead prosecutor until March 2019, tainting the matter from its inception through Indictment.

When a potentially conflicted prosecutor has played a very minor role, courts have held that his "limited involvement" does not deprive a defendant of his right to a disinterested prosecutor.  *See United States v.*

*Scrushy,* 721 F.3d 1288, 1307-08 (11th Cir.2013). *Scrushy* concerned a potentially conflicted prosecutor who voluntarily recused herself, and her only further involvement was through several e-mails she sent to the replacement prosecutors. *Scrushy,* 721 F.3d at 1307-08. The prosecutor did not play a major role in the charges, and she timely recused herself.

Unlike in *Scrushy,* AUSA Widman had a clear conflict and failed to voluntarily recuse himself when it mattered – at the outset of the investigation. *Young* categorically forbids an interested person from controlling the defendant's prosecution. *Young*, 481 U.S. 787 at 803.

As such, the case should be dismissed so the matter can commence with a new lead prosecutor, who can ensure that the investigation and charges are free from "irrelevant or impermissible factors" and "serious constitutional questions."

**E. CONCLUSION**

Based on the foregoing, Mr. Olivas respectfully requests that the Court dismiss the current charges against Mr. Olivas, without prejudice, recuse the USAO in this District, and refer the matter to another USAO for prosecution. In the alternative, Mr. Olivas respectfully requests that the Court dismiss the charges in this case, without prejudice, and order another AUSA in this District,

who does not have a conflict of interest with Mr. Olivas, to be assigned the matter for conflict-free investigation and prosecution.

Dated: October 12, 2021         Respectfully submitted,


                        _____/s/ Meghan Blanco____
                          **MEGHAN A. BLANCO**
                         **Attorney for Defendant**
                              **JOHN OLIVAS**