1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ELI A. ALCARAZ (Cal. Bar No. 288594)
4  Assistant United States Attorney
   Riverside Branch Office
5       3403 Tenth Street, Suite 200
        Riverside, California 92501
6       Telephone: (951) 276-6938
        Facsimile: (951) 276-6202
7       Email:    Eli.Alcaraz@usdoj.gov
   FRANCES S. LEWIS (Cal. Bar No. 291055)
8  Assistant United States Attorney
   Deputy Chief, General Crimes Section
9       312 North Spring Street, 15th Floor
        Los Angeles, California 90012
10      Telephone: (213) 894-4850
        Facsimile: (213) 894-0141
11      Email:    Frances.Lewis@usdoj.gov

12 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 18-231-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE VOUCHING (DKT. 73) |
| v. | |
| JOHN JACOB OLIVAS, | Hearing Date: November 15, 2021 |
| Defendant. | Hearing Time: 2:00 P.M. Location:   Courtroom of the Hon. Jesús G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Frances S. Lewis hereby files its opposition to defendant's motion in limine to preclude vouching (dkt. 73).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 26, 2021         Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
ELI A. ALCARAZ
FRANCES S. LEWIS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant John Jacob Olivas ("defendant") used his position and power as a federal law enforcement agent to sexually abuse two of his intimate partners and prevent them from reporting his assaults to law enforcement. Defendant's abuse of his federal law enforcement authority violated the victims' constitutional rights: namely, their rights to liberty and bodily integrity. For three specific sexual assaults of K.L. and N.B., defendant is charged with three counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242.

Defendant moves in limine for an order preventing the government from doing what the law is already clear the government cannot: vouching for the credibility of its witnesses. Defendant appears to take a rigid linguistic view and seeks targeted prohibitions on specific words during trial. The government does not dispute that in closing argument it is precluded from, for example, standing up and arguing to the jury: "I believe these victims, therefore you should too." See United States v. Roberts, 618 F.2d 530, 533 (9th Cir. 1980) ("It is improper for the prosecution to vouch for the credibility of a government witness. Vouching may occur in two ways: the prosecution may place the prestige of the government behind the witness or may indicate that information not presented to the jury supports the witness's testimony.")

Defendant's motion, however, goes beyond asking the Court to affirm the law. Without the benefit of any context, defendant seeks to have the Court ex ante preclude the government from using common phrases like "I believe" and "we know." This would sweep in all

kinds of unobjectionable phrases like, "I believe we started trial on Tuesday in this case," and "we know that this happened while defendant was an HSI special agent because he was employed as one at the time," neither of which is remotely objectionable. See United States v. Weatherspoon, 410 F.3d 1143, 1173 (9th Cir. 2005) (Trott, J., concurring in part and dissenting in part) ("Is it vouching every time a lawyer says 'I believe,' or 'I submit,' or 'I think?' Of course not, but our opinions too often jump inappropriately to the conclusion that such formulations necessarily amount to impermissible 'vouching.'"); United States v. Younger, 398 F.3d 1179, 1191 (9th Cir. 2005) ("We emphasize that prosecutors should not use 'we know' statements in closing argument. Nonetheless, the record in this case confirms that the prosecutors used the phrase 'we know' to marshal evidence actually admitted at trial and reasonable inferences from that evidence, not to vouch for witness veracity or suggest that evidence not produced would support a witness's statements.").

Not only is defendant's motion narrowly focused on words without context, but it is premature. The Ninth Circuit requires a defendant to object when he believes the government has gone too far. United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir. 1993) (explaining requirement to object to vouching at trial). Filing a motion in limine to preclude "vouching" does not relieve defendant of this obligation. There is simply no way for this Court to determine in a void what statements would or would not constitute vouching, and the Court should decline defendant's invitation to do so.

**II.  ARGUMENT**

"[V]ouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's

2

veracity, or suggesting that information not presented to the jury supports the witness's testimony." United States v. Ruiz, 710 F.3d 1077, 1085 (9th Cir. 2013) (quotation omitted); Necoechea, 986 F.2d at 1276. The government agrees with defendant that the first form of vouching occurs when the prosecutor asserts a personal opinion of the credibility of a witness. See United States v. Young, 470 U.S. 1, 11 (1985); Ruiz, 710 F.3d at 1085.

Courts, however, should examine "arguments in the context of the arguments that they rebut." United States v. Wilkes, 662 F.3d 524, 539 (9th Cir. 2011); Young, 470 U.S. at 11 ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor's comments affected the fairness of the trial."). For example, "a prosecutor may respond substantially to a defense counsel's attack in order to right the scale." United States v. Doss, 630 F.3d 1181, 1194 (9th Cir. 2011). Describing a witness's role, experience, and knowledge is not vouching for the witness's credibility. See Doss, 630 F.3d at 1193 (government did not vouch by pointing out that informant's status as a convicted felon "uniquely situated" him in a position to overhear the defendant's statements in inmate-transportation van). Even an express credibility endorsement might be permissible in response to a defendant's repeated attacks on the witness's credibility. See United States v. Wallace, 848 F.2d 1464, 1474 & n.16 (9th Cir. 1988); see also Necoechea, 986 F.2d at 1279 (in context, "I submit to you that she's telling the truth" was not vouching); see also Doss, 630 F.3d at 1194-95 (government's rebuttal remarks appropriate response to defense's allegations that

3

the government had "cooked" the case in order to win); United States v. Sayetsitty, 107 F.3d 1405, 1409 (9th Cir. 1997) (closing argument appropriate response to defense counsel's characterization of case as "web of deception").

The Court cannot rule in advance of trial whether certain statements by the government will or will not constitute vouching because so much of the analysis depends on context. "[S]tatements made by the prosecution do not constitute improper vouching where the argument that witnesses had no motive to lie is a permissible response to the defense counsel's earlier attacks on the witnesses's [sic] credibility." Wilkes, 662 F.3d at 540. Furthermore, statements that "witnesses had no motive to lie" are not vouching when they are "simply inferences from evidence in the record." United States v. Nash, 115 F.3d 1431, 1439 (9th Cir. 1997); see also United States v. Crosby, 748 Fed. App'x 752, 753 (9th Cir. 2018) ("The prosecutor's statement that the government's witness . . . had no 'dog in the fight' and submission that it was reasonable to believe [she] testified truthfully did not cross the line" where "viewed in context, [the statement] was an argument of 'inference from evidence in the record' rather than vouching.").

As these cases illustrate, context matter. The case put on by defendant matters. Where a defendant attacks the credibility of the government's witnesses, the government is allowed to push back. "Prosecutors can argue reasonable inferences based on the record, and have considerable leeway to strike hard blows based on the evidence and all reasonable inferences from the evidence." United States v. Tucker, 641 F.3d 1110, 1120 (9th Cir. 2011) (streamlined). Indeed,

4

"hard blows" are "often the essence of argument." United States v. Sarno, 73 F.3d 1470, 1496 (9th Cir. 1995).

Simply put, this is not an issue that can be decided in a motion in limine -- if the government makes a statement that defendant concludes has crossed the line from arguing into vouching, defendant needs to object. Only then, with the benefit of context, will the Court be equipped to evaluate whether the arguments are appropriate or not.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny the defendant's motion in limine (dkt. 73).