TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Riverside Branch Office
3403 Tenth Street, Suite 200
Riverside, California 92501
Telephone: (951) 276-6938
Facsimile: (951) 276-6202
Email: Eli.Alcaraz@usdoj.gov
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Deputy Chief, General Crimes Section
312 North Spring Street, 15th Floor
Los Angeles, California 90012
Telephone: (213) 894-4850
Facsimile: (213) 894-0141
Email: Frances.Lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JACOB OLIVAS,<br><br>Defendant. | ED CR No. 18-231-JGB<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE GUILT-ASSUMING HYPOTHETICALS (DKT. 74)<br><br>Hearing Date: November 15, 2021<br>Hearing Time: 2:00 P.M.<br>Location: Courtroom of the Hon. Jesús G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Frances S. Lewis hereby files its opposition to defendant's motion in limine to preclude guilt-assuming hypotheticals (dkt. 74).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 26, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
ELI A. ALCARAZ
FRANCES S. LEWIS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I. INTRODUCTION....................................................1

II. ARGUMENT........................................................2

A. The Prohibition on Guilt-Assuming Hypotheticals Applies to Defense Character Witnesses Only, and Does Not Prohibit Cross-Examining on Specific Acts Under Evidence Rule 405(a)....................................2

B. There Is No Prohibition on Asking Hypotheticals to Experts or Asking Fact Witnesses Questions that May Have Guilt-Assuming Elements...............................5

C. The Appropriateness of a Limiting Jury Instruction is Better Considered During Trial.............................7

III. CONCLUSION.....................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant John Jacob Olivas ("defendant") used his position and power as a federal law enforcement agent to sexually abuse two of his intimate partners and prevent them from reporting his assaults to law enforcement. Defendant's abuse of his federal law enforcement authority violated the victims' constitutional rights: namely, their rights to liberty and bodily integrity.

Defendant has not identified any experts or character witnesses he intends to call at his upcoming trial. Nonetheless, in the instant motion, defendant seeks to prevent the government from asking his character witnesses, and perhaps a defense expert if an unnoticed one were permitted to testify over the government's objection, "guilt-assuming questions." (Mot. at 3.) It also appears that he seeks to prevent the government from asking its own noticed expert[1] certain hypotheticals. (Id. at 3, 5, & n.1.)

Although defendant's motion tries to paint any prohibition on asking guilt-assuming hypotheticals with a broad brush, the law does not support the sweep of his motion. The Ninth Circuit has held that a prosecutor cannot cross-examine character witnesses by asking whether their opinion would change if they knew that defendant had, in fact, committed the acts alleged in the indictment. United States v. Shwayder, 312 F.3d 1109, 1120-21 (9th Cir. 2002), opinion amended on denial of reh'g, 320 F.3d 889 (9th Cir. 2003). To be clear, any character witnesses defendant does calls at trial can be cross-

[1] The government has noticed its intent to call Dr. Janine S. Shelby as an expert. Defendant has separately moved to exclude or limit Dr. Shelby's testimony. (Dkt. 83.)

examined about their awareness of specific instances of defendant's past conduct, including his past arrests and convictions as permitted under Federal Rule of Evidence 405(a).

Further, there is no prohibition on asking guilt-assuming hypotheticals to expert witnesses. Additionally, the government is permitted to ask fact witnesses, particularly its victim witnesses, relevant questions that may have a guilt-assuming element. United States v. Laurienti, 611 F.3d 530, 549 (9th Cir. 2010) ("With respect to the government's fact witnesses, however, there appears to be no support for the proposition that the government cannot ask its own fact witnesses otherwise relevant questions that may have a guilt-assuming element." (emphasis in original)).

The government therefore opposes defendant's motion to the extent it tries to stretch the prohibition on asking guilt-assuming hypotheticals of defense character witnesses beyond what the law prohibits.

## II. ARGUMENT[2]

### A. The Prohibition on Guilt-Assuming Hypotheticals Applies to Defense Character Witnesses Only, and Does Not Prohibit Cross-Examining on Specific Acts Under Evidence Rule 405(a)

Concerning character witnesses, the Supreme Court has recognized that opinion and reputation character evidence -- particularly cumulative character evidence -- has weak probative value and great potential to confuse the issues and prejudice the jury. See Michelson v. United States, 335 U.S. 469, 480, 486 (1948). The Court has thus given trial courts wide discretion to limit the presentation

[2] The government incorporates by reference the additional factual and procedural background set forth in the government's motion in limine No. 1 filed on July 19, 2021. (Dkt. 80.)

of character evidence. Generally, evidence of a defendant's character may be proved only by testimony about the person's reputation or by testimony in the form of an opinion. Fed. R. Evid. 405.

On cross-examination of a defendant's character witness, the government may inquire into specific instances of defendant's past conduct relevant to the character trait at issue. See Fed. R. Evid. 405(a). In particular, a defendant's character witnesses may be cross-examined about their knowledge of the defendant's past crimes, wrongful acts, and arrests. See Michelson, 335 U.S. at 477-79. The government may also call contradictory witnesses to testify as to defendant's negative reputation in the community. Id. at 479.

The government, however, agrees with defendant that it may not cross-examine defense character witnesses by asking whether their opinion would change if defendant had, in fact committed the acts alleged in the indictment. See Shwayder, 312 F.3d at 1120-21. In Shwayder, the Ninth Circuit held that asking a defense character witness guilt-assuming hypotheticals "undermines the presumption of innocence and thus violates a defendant's right to due process." 312 F.3d at 1121.

Consistent with these holdings, the government does not intend to ask any of defendant's character witnesses whether knowing that defendant had committed the sexual assaults alleged in the indictment would change his or her opinion of defendant's character. The charged sexual assaults consist of (1) defendant's attempted rape of K.L. in January 2012 (Count 1); (2) defendant's rape of N.B. in September 2012 (Count 2); and (3) defendant's rape of N.B. in November 2012 (Count 3).

The government does, however, intend to ask any of defendant's character witnesses, under Rule 405(a), about whether their knowledge of the following facts might change their opinion of defendant:

- Defendant's arrest, guilty plea, and conviction for assault with a gun against his father, in violation of California Penal Code ("CPC") § 245(a)(2);
- Defendant's arrest, guilty plea, and conviction for infliction of corporal injury resulting in a traumatic condition upon a cohabitant, in violation of CPC § 273.5(a);
- Defendant's arrest and guilty plea for witness tampering, in violation of CPC § 136.1(b)(1);
- Defendant's arrest for violating the personal liberty of a spouse or cohabitant, in violation of CPC § 236;
- Defendant's arrest for sodomy on an unconscious victim, in violation of CPC § 286; and
- any of defendant's uncharged sexual assaults or violent acts that are ultimately admitted[3] at trial, as detailed in the government's motion in limine to admit evidence of uncharged conduct (dkt. 80).

These questions all become appropriate topics on cross-examination if defendant introduces character evidence because they call into question the weight with which the jury should afford an opinion or reputation formed without due consideration of such negative acts. Michelson, 335 U.S. at 479 ("The price a defendant

[3] If the Court excludes from the government's case-in-chief any of the uncharged violent and sexual acts for which defendant was not arrested or charged, the government will request a sidebar before inquiring with a defense witness about such topics.

must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him.”). Such questioning simply requires “a good faith belief in the misconduct of the defendant which was the subject of the question.” United States v. Davenport, 753 F.2d 1460, 1463–64 (9th Cir. 1985).

The prohibition on asking guilt-assuming hypotheticals has a narrow scope, so the Court should deny defendant’s motion to the extent is extends the prohibition past questions posed during cross examination of any defense character witnesses.

**B. There Is No Prohibition on Asking Hypotheticals to Experts or Asking Fact Witnesses Questions that May Have Guilt-Assuming Elements**

There is no law prohibiting the government from asking experts guilt-assuming hypotheticals. Indeed, despite arguing that guilt-assuming hypotheticals increase unfairness when asked to an expert (Mot. at 5), every single of defendant’s case citations concerns the use of guilt-assuming hypotheticals for character witnesses, not expert witnesses (Mot. at 3-5). Defendant has not identified a single case -- and the government is aware of none -- extending the holding of Shwayder to expert witnesses, whether called by the government or the defense.

Nor should this Court break new ground in this area. In reaching its holding in Shwayder, the Ninth Circuit explicitly relied on the difference in probative value between asking character witnesses hypotheticals as compared to experts. “‘Although an argument can be made that guilt-assuming hypothetical questions may be probative of the credibility of a non-expert witness, an opinion elicited by a question that assumes that the defendant is guilty can

have only negligible probative value as it bears on the central issue of guilt.'" Shwayder, 312 F.3d at 1120 (quoting United States v. Mason, 993 F.2d 406, 408-09 (4th Cir. 1993)); see also Laurienti, 611 F.3d at 549 ("We have held that guilt-assuming hypotheticals are impermissible in the context of the government's cross-examination of a defendant's character witnesses." (emphasis in original));[4] United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) ("[T]he ability to answer hypothetical questions is the essential difference between expert and lay witnesses.") (internal quotation marks and citation omitted).[5]

The Ninth Circuit has long held that "[e]xperts may be asked hypothetical questions on cross-examination" so long as "such questions must not require the expert to assume facts that are not in evidence." United States v. Stinson, 647 F.3d 1196, 1214 (9th Cir. 2011). Where a defendant contests the questions asked of a defense witness during cross-examination, the issue is whether the government had a "good faith basis" to pose the challenged questions. United States v. Rushton, 963 F.2d 272, 274-75 (9th Cir. 1992). So long as cross-examination questions are supported by a "factual predicate," the district court does not abuse its discretion by permitting them. Davenport, 753 F.2d at 1464; see United States v. Tanaka, 707 F.

---

[4] Laurienti also favorably cites a Third Circuit case distinguishing opinion witnesses from reputational witnesses and holding that the admission of guilt-assuming hypotheticals is not per se error. Laurienti, 611 F.3d at 549. For purposes of this trial, however, the government is not drawing a distinction between reputational and opinion character witnesses and will avoid guilt-assuming hypotheticals about the charged conduct with either type.

[5] The Ninth Circuit repeated this distinction in an uncitable opinion in United States v. Latysheva, 162 F. App'x 720, 725 (9th Cir. 2006).

App'x 448, 449 (9th Cir. 2017) (no error where cross-examination questions asked in good faith based on record).

Similarly, there is no prohibition on asking fact witnesses hypotheticals that may have a guilt-assuming element. In Laurienti, to establish materiality, the government asked victims of defendant's fraud scheme whether they would have invested had they known certain representations to be false. Id. at 549-550.

Although defendant has not moved to preclude the government's use of hypotheticals during the direct examination of its fact witnesses, to the extent that argument is raised for the first time on reply, the government opposes that as well.[6]

**C. The Appropriateness of a Limiting Jury Instruction is Better Considered During Trial**

Defendant asks the Court to provide a limiting instruction if the government is permitted to ask guilt-assuming hypotheticals. (Mot. at 6.) As discussed, the presentation of any guilt-assuming hypotheticals is prohibited only as to cross-examination of defense character witnesses. The government has no intention of violation this prohibition, so a limiting instruction is unnecessary. At the very least, any discussion of a limiting instruction as it concerns any guilt-assuming hypotheticals presented at trial should be tabled until trial.

[6] For example, in order to establish that defendant was acting under color of law, the government anticipates asking its fact witnesses whether they would have behaved differently had defendant not improperly asserted his law enforcement authority.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion in limine to preclude guilt-assuming hypotheticals (dkt. 74).