TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6938
     Facsimile: (951) 276-6202
     Email:    Eli.Alcaraz@usdoj.gov
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Deputy Chief, General Crimes Section
     312 North Spring Street, 15th Floor
     Los Angeles, California 90012
     Telephone: (213) 894-4850
     Facsimile: (213) 894-0141
     Email:    Frances.Lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 18-231-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO HIS ALLEGED STEROID USE (DKT. 75) |
| v. | |
| JOHN JACOB OLIVAS, | Hearing Date: November 15, 2021 |
| Defendant. | Hearing Time: 2:00 P.M.<br>Location:    Courtroom of the<br>             Hon. Jesús G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Frances S. Lewis hereby files its opposition to defendant's motion in limine to preclude reference to his alleged steroid use (dkt. 75).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 26, 2021              Respectfully submitted,

                                        TRACY L. WILKISON
                                      Acting United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                      /s/
                                      ELI A. ALCARAZ
                                      FRANCES S. LEWIS
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant John Jacob Olivas ("defendant") used his position and power as a federal law enforcement agent to sexually abuse two of his intimate partners and prevent them from reporting his assaults to law enforcement. Defendant's abuse of his federal law enforcement authority violated the charged victims' constitutional rights: namely, their rights to liberty and bodily integrity.

Defendant moves in limine under Federal Rules of Evidence 401, 402, and 403 to preclude any reference to his alleged steroid use. ("Motion," Dkt. 75 at 1.) Contrary to his assertion, steroid-related evidence is highly probative in this case. Defendant's focus on the legality of steroids and a propensity reasoning stemming from their possession is misplaced. (Mot. at 3, 4, 5.) The charged victims are expected to testify that defendant's alleged steroid use, and accompanying strength and persona, contributed to his ability to overpower them when committing the sexual assaults. Several of the victims, charged and uncharged,[1] suspected that defendant was using steroids, and at least one of the charged victims personally saw defendant wearing testosterone patches.

As part of the charged conduct, the government must prove that defendant committed or attempted aggravated sexual abuse and that he acted under color of law. While the issues whether defendant was or was not actually using steroids and concerning their legality are immaterial, the victims' perceptions about defendant are very

---

[1] The government has filed a motion in limine (no. 1) to admit various examples of uncharged conduct with charged and uncharged victims. (Dkt. 80.)

relevant and highly probative to the government's burden at trial. Accordingly, the victims should be allowed to testify as to their beliefs and observations.

## II. BACKGROUND[2]

Defendant's first wife, R.A., is expected to testify that around 1998, defendant began taking steroids to see how big he could get. Defendant would get a lot more attention from women after he began working out and taking steroids. She also said that his personality seemed to change around that same time. He became "extremely cocky" and "narcissistic." He was "always striving for attention."

Defendant's second wife, C.R., met defendant in 1998 at a gym. C.R. also reported that defendant was into body building and was taking steroids he would get from trips he took down to Mexico with her. When defendant first asked C.R. on a date, C.R. refused. Defendant then aggressively pursued her until she agreed to go out with him.

Charged victim K.L. described how defendant was obsessed with testosterone patches, even showing them off on the first date to her. While she never saw him use needles, she did recall vials of liquid in the fridge that she could not identify.

Charged victim N.B. also described how frequently defendant would go to the gym and how his physical strength made it easy for him to physically overpower her. She had similarly heard rumors that defendant was using steroids.

---

[2] The government incorporates by reference the additional factual and procedural background set forth in the government's motion in limine No. 1 filed on July 19, 2021. (Dkt. 80.)

**III. ARGUMENT**

    **A.    The Victims' Belief in Defendant's Steroid Use Is Relevant Evidence**

Federal Rule of Evidence 402 states that all "[r]elevant evidence is admissible" unless precluded by the Constitution, a federal statute, the Rules themselves, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. "Relevant evidence," as expansively defined by Rule 401, is evidence that has "any tendency to make a fact more or less probable than it would be without the evidence" and is a "fact or consequence in determining the action." Fed. R. Evid. 401. Thus, "[t]o be 'relevant,' evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. All that is required is a 'tendency' to establish a fact at issue. . . . [T]he fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action." United States v. Curtin, 489 F.3d 935, 943 (9th Cir. 2007) (en banc).

The government has no intention of offering independent evidence of defendant's steroid use. The only evidence the government would potentially admit on the topic of steroid use are the observations and understandings of the victims and defendant's knowledge of their knowledge. Defendant did not purport to use steroids in private -- he adopted a persona of someone who was strong and powerful and who was willing to pursue his strength at any cost. There are multiple photos, for example, on charged victim N.B.'s phone of defendant posing with his chest inflated in tight muscle t-shirts flexing his biceps.

Defendant's reliance on United States v. Richardson (Mot. at 4) is misplaced because Richardson was a case with various fraud crimes and a witness tampering charge. The government sought to introduce evidence of illegal possession and use of steroids, and the court concluded that "the Government's position convinces the Court that it wants to introduce steroid possession evidence for exactly the wrong reason--to prove that Defendant violated the law when he possessed the steroids and therefore he must have violated the law in other respects." United States v. Richardson, 2012 WL 441130, at *4 (S.D. Ohio Feb. 10, 2012).[3] Here, any steroid evidence would not focus on the legality or illegality of their possession and the victims' perception of his drug use has nothing to do with whether he may or may not be predisposed to commit crimes -- a clearly inadmissible purpose. But the victims' perceptions of defendant, especially their perceptions that were intentionally crafted by defendant, as well as his physical ability to overpower his victims, are very relevant and highly probative to establishing the sexual assaults in this case and the deprivation of rights under color of law.

**B. Rule 403 Does Not Prohibit the Introduction of Defendant's Steroid Use**

The probative value of the victims' perceptions of defendant's steroid use is not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue

---

[3] Similarly, defendant's citation to United States v. Casimiro, 2011 WL 2714217 (S.D.N.Y. July 8, 2011) is also inapposite. (Mot. at 3-4.) That case concerned possessing with intent to distribute cocaine where the government tried to introduce, under Rule 404(b), prior transactions with steroids to prove intent to distribute cocaine. The court found that the nature of the controlled substances and the quantity were too dissimilar to be admitted. Id. at *3.

4

delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added).

The Ninth Circuit has ruled that Rule 403 "favors admissibility" and that the application of the rule "must be cautious and sparing" because its "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000). Moreover, "relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." Id. "[R]elevant evidence is not rendered inadmissible because it is of a highly prejudicial nature" as the "best evidence often is." United States v. Mahler, 452 F.2d 547, 548 (9th Cir. 1971). Indeed, the trial court need not "scrub the trial clean of all evidence that may have an emotional impact." United States v. Ganoe, 538 F.3d 1117, 1124 (9th Cir. 2008) (quotation and citation omitted). Evidence should only be excluded under Rule 403 where it would cause the jury to base its decision on something other than proof specific to the charged conduct. See Old Chief v. United States, 519 U.S. 172, 180 (1997) (unfair prejudice is evidence with the capacity to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged, such as emotion); United States v Skillman, 922 F.2d 1370, 1374 (9th Cir. 1990) ("'Unfair prejudice,' within the meaning of the rule, occurs when the evidence has 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'").

5

Here, the victims' perceptions of defendant's steroid use are highly probative because it is direct evidence of defendant's knowledge and intent when engaging in the charged conduct. While the evidence is "prejudicial" in that it tends to prove the government's allegations, it presents little, if any, unfair prejudice, given that defendant has been charged with -- and government will present evidence of -- more serious offenses. United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (generally, evidence will not be excluded as unduly prejudicial when it "did not involve conduct more inflammatory than the charged crime"). In a case where defendant stands accused of violent sexual assaults of two separate victims, it is difficult to see how the victims' perceptions of his steroid use could be more inflammatory than the charged crimes.

Defendant's primary argument that his steroid use is unduly prejudicial is based on the illegality of steroids and propensity reasoning. (Mot. at 5.) The cases he cites for the proposition that discussion of narcotics is highly prejudicial are misleading. For example, United States v. Domina (Mot. at 5) concerned a defendant's appeal that he should have been able to impeach the credibility of a principle witness against him concerning that witness's prior drug use. United States v. Domina, 784 F.2d 1361, 1365-67 (9th Cir. 1986). In United States v. Blackstone (Mot. at 5), a felon in possession of a firearm prosecution, the Ninth Circuit held that methamphetamine recipes in defendant's possession were too prejudicial to prove he was a felon in possession of a firearm by tying him to drug trafficking and therefore to the gun. United States v. Blackstone, 56 F.3d 1143, 1146 (9th Cir. 1995). These cases are not cautionary tales about narcotics that he contends that

6

they are.  Further, the Court should find defendant's arguments and case citations ultimately unavailing because the jury does not need to be told that defendant's steroid use was illegal.  Additionally, the government has no intention of arguing that because defendant used illegal drugs in the past, he therefore necessarily committed the charged crimes.  The victims are not expected to testify as to exactly what chemical compounds defendant was taking, only their general perception -- driven by defendant's words and actions in front of them -- that he was taking what they believed to be steroids based on defendant's own professed desire to become more physically imposing through any means necessary.

Any risk of confusion that the jury might have about the relevance of the steroid use could be cured by an instruction from the Court reminding the jury that defendant is only on trial for the charged acts and not any other conduct.  United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982) ("Limiting instructions may reduce or eliminate prejudice which would otherwise occur.").

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion in limine to preclude reference to his alleged steroid use (dkt. 75).