TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6938
     Facsimile: (951) 276-6202
     Email:    Eli.Alcaraz@usdoj.gov
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Deputy Chief, General Crimes Section
     312 North Spring Street, 15th Floor
     Los Angeles, California 90012
     Telephone: (213) 894-4850
     Facsimile: (213) 894-0141
     Email:    Frances.Lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN JACOB OLIVAS,<br><br>   Defendant. | ED CR No. 18-231-JGB<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO GOVERNMENT WITNESSES AS "VICTIMS" (DKT. 78)<br><br>Hearing Date: November 15, 2021<br>Hearing Time: 2:00 P.M.<br>Location:    Courtroom of the<br>             Hon. Jesús G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Frances S. Lewis hereby files its opposition to defendant's motion in limine to preclude reference to government witnesses as "victims" (dkt. 78).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  Defendant's original motion disclosed the identities of the victims and was therefore filed under seal.  The government does not believe the identities of the victims are relevant to its opposition and has therefore not sought to seal this brief.  Defendant does not object to the public filing of this opposition.

Dated: October 26, 2021         Respectfully submitted,

                                        TRACY L. WILKISON
                                      Acting United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                      /s/
                                      ELI A. ALCARAZ
                                      FRANCES S. LEWIS
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant John Jacob Olivas ("defendant") is charged with using his position and power as a federal law enforcement agent to sexually abuse two of his intimate partners -- K.L. and N.B. -- and prevent them from reporting his violence to law enforcement.  Defendant's abuse of his federal law enforcement authority violated the victims' constitutional rights: namely, their rights to liberty and bodily integrity.

At trial, defendant seeks to prevent the government from referring to defendant's victims as victims.  ("Motion," Dkt. 73.) The Motion concerns not only the charged victims, K.L. and N.B., but also potential additional government witnesses C.R., R.A., and M.H., who suffered uncharged abusive conduct and prior sexual assaults by defendant.[1]  While the government does not intend to place undue emphasis on K.L. or N.B.'s status as a victim, they are both in fact the victims of the charged offenses.  The Ninth Circuit has squarely held that it is appropriate to refer to victims in a criminal case as a "victim" at trial.  For any additional government witnesses, including C.R., R.A., and M.H., the reasoning permitting the use of the word "victim" is equally applicable.  Because there is direct Ninth Circuit authority on point concerning the term "victim," the Court should deny the Motion and defendant's request that K.L., N.B., C.R., R.A., and M.H. be referred to as "complaining witnesses" or "complainant."  (Mot. at 3.)

---

[1] Pending before the Court is the government's motion in limine to admit uncharged conduct of charged and uncharged victims.  (Dkt. 80.)

## II. THE GOVERNMENT IS ENTITLED TO USE THE TERM "VICTIM" AT TRIAL

The government should not be prohibited from using the term "victim" at trial. Both K.L. and N.B. are in fact the victims of the offenses, so neither the government nor its witnesses should be precluded from using the word "victim." The Ninth Circuit has held that it is appropriate to refer to the victim as a "victim" at trial. United States v. Gibson, 690 F.2d 697, 703 (9th Cir. 1982) (in a fraud prosecution, "[b]ecause of the losses incurred by these investors, the prosecutor's use of the word 'victim' was fair comment on the evidence"). Indeed, the Ninth Circuit has permitted the government's use of far more inflammatory terms than "victim." See, e.g., United States v. Rude, 88 F.3d 1538, 1547-48 (9th Cir. 1996) (no error where the government used the following words to describe defendants and their scheme in opening statement and throughout the trial: "scam," "Ponzi scheme," "charlatans," "crooks," "evil," "trolling for victims," and "con man"); see also Guam v. Torre, 68 F.3d 1177, 11780 (9th Cir. 1995) ("There is no rule requiring the prosecutor to use a euphemism for it or preface it by the word 'alleged.'"). Use of the word "victim" is a fair comment on the evidence and it should be a permissible descriptor for charged victims K.L. and N.B., as well as any other potential government witness who has suffered sexual abuse from defendant, including C.R., R.A., and M.H.

Contrary to defendant's contention, the term "victim" does not, standing alone, present any argument about the defendant's guilt. Indeed, the model Ninth Circuit jury instruction for presenting character evidence about a victim expressly refers to "specific instances of the victim's character." Manual of Model Criminal Jury

2

Instructions for the Ninth Circuit, No. 4.5 (emphasis added). The use of the word "victim" "merely posits that if an act of sexual conduct or sexual penetration occurred, it must have been perpetrated on a victim." Server v. Mizell, 902 F.2d 611, 615 (7th Cir. 1990) (in a case about aggravated criminal sexual assault and aggravated criminal sexual abuse, rejecting the contention that the term "victim" "was improper because that word implied to the jury that a crime had already taken place"). Thus, in approving the use of the word "victim" in jury instructions in a criminal sexual assault trial, the Seventh Circuit concluded that "[n]o logical argument can be made that the mere use of the term 'victim' somehow shifted the burden of proof." Id. Given that the word "victim" is not inherently prejudicial and given that the jury instructions will adequately explain the burden of proof and the presumption of innocence, the government and its witnesses should not be categorically barred from using the term "victim".

Defendant cites primarily to out of district civil cases for the proposition that other courts have precluded the government from using the word "victim" as well as other terms. These cases focus the Court in the wrong direction because United States v. Gibson, 690 F.2d 697 (9th Cir. 1982), provides that the use of the word "victim" in a criminal case can be a "fair comment on the evidence." Id. at 703.

Further, unlike in the civil context, the Crime Victims' Rights Act defines who is and is not a "victim" for purposes of criminal cases. A crime victim is someone who is directly and proximately harmed as the result of a criminal offense -- the term attaches without regard to the stage of the proceeding and applies even before

3

a jury reaches a verdict.  This in no way impedes upon the presumption of innocence, it is purely a term that denotes the status of an individual within a case.

Moreover, courts in this district have repeatedly permitted the use of the term "victim" at trial.  See, e.g., United States v. Jose Jesus Perez, ED CR 13-087-VAP, Dkt. 106 at 13-14 (denying MIL to prevent using "victims" during voir dire, opening statements, and trial testimonies, and not requiring use of term "complaining witnesses").

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion in limine to preclude reference to government witnesses as "victims" (dkt. 78.)