TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6938
    Facsimile: (951) 276-6202
    Email:   Eli.Alcaraz@usdoj.gov
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Deputy Chief, General Crimes Section
    312 North Spring Street, 11th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-4850
    Facsimile: (213) 894-0141
    Email:   Frances.Lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 18-231-JGB |
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA ELI A. ALCARAZ |
| v. | |
| JOHN JACOB OLIVAS, | |
| Defendant. | |
| | Trial Date: November 30, 2021 |
| | Time: 9:00 a.m. |
| | Place: Courtroom of the Hon. Jesús G. Bernal |

        Plaintiff, United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Eli A. Alcaraz and

Frances S. Lewis, hereby applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defendant's counsel of record with a copy of the grand jury testimony of a witness whom the government may call at trial.

The government makes this application because of defendant's need to prepare his case and the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500.  This application is based on the attached Memorandum of Points and Authorities and Declaration of Eli A. Alcaraz, the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

Dated: November 16, 2021          Respectfully submitted,

                                  TRACY L. WILKISON
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                   /s/ *Eli A. Alcaraz*
                                  ELI A. ALCARAZ
                                  FRANCES S. LEWIS
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2
3
4
5
6
7
8
9
10

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B).  Rule 6(e)(3)(E) provides in relevant part:  "The court may authorize disclosure –– at a time, in a manner, and subject to any other conditions that it directs –– of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ."  Fed. R. Crim. 6(e)(3)(E).

11
12
13
14
15
16
17
18

A trial court has "substantial discretion to order or deny release" of a grand jury transcript.  <u>United States v. Evans & Associates Construction Co.</u>, 839 F.2d 656, 658 (9th Cir. 1988).  The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."  <u>Id.</u> (citation omitted).  The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

19
20
21
22
23
24
25

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

26
27
28

<u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); <u>see also</u> <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1411 (9th Cir. 1993) (citing <u>Procter & Gamble</u> and

1   <u>Douglas Oil Co. of Calif. v. Petrol Stops Nw.</u>, 441 U.S. 211, 219

2   (1979), for the same proposition).   In <u>United States Indus., Inc. v.</u>

3   <u>United States District Court</u>, the Ninth Circuit reasoned that a

4   determination of whether disclosure of grand jury material should be

5   made under Rule 6(e) depends on the need of the party seeking

6   disclosure and on the "policy considerations for grand jury secrecy

7   as they apply to the request for disclosure under consideration."

8   345 F.2d 18, 21 (9th Cir. 1965).   The court held:   "[I]f the reasons

9   for maintaining secrecy do not apply at all in a given situation, or

10  apply to only an insignificant degree, the party seeking the

11  disclosures should not be required to demonstrate a large compelling

12  need."   <u>Id.</u>

13        In this instance, the policy considerations requiring secrecy

14  are inapplicable with respect to those witnesses who will testify at

15  trial because the case has been indicted.   See <u>Dynavac</u>, 6 F.3d at

16  1412 ("When the grand jury investigation is already terminated and

17  an indictment has been issued, only 'institutional' concerns are

18  implicated by the documentary disclosure.") (citation omitted).

19  Moreover, disclosure of the grand jury testimony to defense counsel,

20  who has requested such disclosure, would be in the interest of

21  justice and allow defense counsel material necessary to the defense

22  in advance of trial.

23        For the foregoing reasons, the government respectfully requests

24  that this Court issue an order authorizing the government to provide

25  defense counsel with a copy of the grand jury testimony of a witness

26  the government may call at trial.

27

28