MEGHAN BLANCO (California State Bar No. 238171)
LAW OFFICES OF MEGHAN BLANCO
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Telephone:  (949) 296-9869
Facsimile:  (949) 606-8988
mblanco@meghanblanco.com

Attorney for Defendant:
JOHN OLIVAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN JACON OLIVAS,<br><br>Defendant. | Case No. 18-CR-231-JGB<br><br>***EX PARTE MOTION TO CONTINUE TRIAL ONE MONTH SO DEFENSE COUNSEL CAN (1) REVIEW EXPERT REPORTS THAT HAVE NOT BEEN PRODUCED YET AND (2) RETAIN AN EXPERT TO INTERPRET NEWLY PRODUCED EVIDENCE*** |

TO THE UNITED STATES ATTORNEY'S OFFICE: **Please note** Defendant John Olivas files the instant *ex parte* motion to continue trial one month so he can (1) review expert reports that have not yet been produced and (2) retain an expert to interpret new evidence that was produced on November 23, 2021.

This *ex parte* motion is based on the attached Declaration of Meghan Blanco.

Dated: November 27, 2021                  Respectfully submitted,

                                By:___/s/ Meghan Blanco_____
                                    MEGHAN A. BLANCO
                                    Attorney for Defendant

1

# DECLARATION OF MEGHAN BLANCO

I, Meghan Blanco, declare,

1. I am licensed to practice law in the State of California and before this Court. I represent John Olivas in the above-entitled action. I submit this declaration in support of his *Ex Parte* Motion for Continuance of the Trial Date. The defense requests that the Court continue the trial date by one month so defense counsel can (1) review expert reports that have not yet been produced by the government and (2) retain its own expert to interpret medical records that were produced on November 23, 2021.

2. On July 19, 2021, the government sought to introduce evidence that Mr. Olivas previously fractured the ribs of alleged victim N.B., either as 404(b) evidence or as evidence that is inextricably intertwined with the charged rapes. In addition, the government sought to introduce Mr. Olivas's prior guilty plea to infliction of corporal injury resulting from a traumatic condition upon a cohabitant, which I believe stemmed from alleged victim N.B.'s claim that Mr. Olivas fractured her ribs around August 6, 2012.

3. The government presented extensive evidence of the allegedly fractured ribs to the grand jury that indicted Mr. Olivas and described the events in detail in its motion *in limine* one. *See* Mot. at 2 ("The next day, defendant used physical force to restrain and prevent N.B. from leaving their residence and squeezed her body so hard he fractured her ribs"); 9 ("Defendant wrapped his arms around her body with enough force that her ribs fractured, then he denied her request to receive medical care. . . . . . In connection with this conduct, defendant was charged with and pleaded guilty to . . . (2) infliction of corporal injury resulting in a traumatic condition upon a cohabitant, N.B."); 9 ("Defendant raped N.B. again on or about November 9, 2012, just a few days after defendant fractured N.B.'s ribs by

grabbing and squeezing her"); and 9 ("Defendant wanted to have sex, but N.B.'s ribs hurt too much so she told him no").

4. N.B. repeatedly told assigned agents and prosecutors that Mr. Olivas fractured her ribs.

5. The government previously produced a copy of N.B.'s medical records, which I believe it received from the Riverside Police Department. Approximately two weeks ago, it asked Mr. Olivas to stipulate to the foundation of those medical records. I am on the complex felony trial panel in Riverside. In my experience, Riverside PD frequently receives medical records directly from witnesses and victims instead of from medical providers. For this reason, Mr. Olivas declined to stipulate to foundation of the medical records until he reviewed a complete set of medical records from the provider.

6. On November 23, 2021, the government produced a complete set of N.B.'s medical records. Contrary to N.B's representations, the complete set produced on November 23, 2021, indicated that doctors did not detect a fracture or any bruising to N.B.'s ribs.

7. It appears that Mr. Olivas may have pleaded guilty in his state case, pursuant to a *People v. West* plea, without the benefit of this critical, exculpatory evidence. I have contacted Mr. Olivas's state attorneys and intend to speak with them as soon as they are available.

8. I contacted the government this evening. The government indicated that it intends to interview N.B..'s medical providers, but it has not done so yet and does not believe it will be able to interview them before Monday. It also suggested that N.B.'s ribs may have been fractured even though the xrays did not detect a fracture and treating doctors did not observe bruising or abnormalities.

9. I need to review the reports of interviews of N.B.'s medical providers, which have not been produced yet, and retain my own expert to interpret the newly produced

3

medical records and any new statements that N.B.'s medical providers may make. I also need to confer with Mr. Olivas's state counsel regarding apparent *Brady* evidence that was never produced in his state case.

10. I have contacted two potential experts via email but have not received a response concerning their current availability.

11. For these reasons, I respectfully request that the Court grant a reasonable, one month continuance of the trial date.

12. I declare under penalty of perjury of the Laws of the United States that the foregoing is true and correct.

13. Executed this 27 day of November, 2021, in San Clemente, California.

_____/s/ Meghan Blanco____
**MEGHAN A. BLANCO**
**Attorney for Defendant**
**JOHN OLIVAS**