TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6938
     Facsimile: (951) 276-6202
     Email:    Eli.Alcaraz@usdoj.gov
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Deputy Chief, General Crimes Section
     312 North Spring Street, 15th Floor
     Los Angeles, California 90012
     Telephone: (213) 894-4850
     Facsimile: (213) 894-0141
     Email:    Frances.Lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 18-231-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT BUSINESS RECORDS UNDER THE SELF-AUTHENTICATION PROVISIONS OF FEDERAL RULE OF EVIDENCE 902(11); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF FRANCES S. LEWIS AND EXHIBITS 1-5 |
| v. | |
| JOHN JACOB OLIVAS, | |
| Defendant. | |
| | Hearing Date: November 30, 2021<br>Hearing Time: 8:30 a.m.<br>Location:     Courtroom of the Hon. Jesús G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Frances S. Lewis hereby moves the Court in limine to admit into

evidence business records of the businesses referenced below under the procedures of Federal Rule of Evidence 902(11).

The government produced the business records and corresponding Rule 902(11) certifications in discovery and provided written notice of its intention to introduce such business records in this manner at trial and asked for counsel's position.  Defense counsel represented she would provide her position at the final pretrial conference on Monday, November 29, 2021.

This motion is based upon the attached memorandum of points and authorities, the attached Declaration of Frances S. Lewis and accompanying Exhibits 1-5, the files and records in this case, and any such further evidence and/or argument the Court may wish to consider at the hearing and in determining this matter.

Dated: November 27, 2021              Respectfully submitted,

                                          TRACY L. WILKISON
                                        United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        /s/
                                        ELI A. ALCARAZ
                                        FRANCES S. LEWIS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

### **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION AND FACTUAL BACKGROUND**

Defendant John Jacob Olivas ("defendant") used his position and power as a federal law enforcement agent to sexually abuse and attempt to abuse two of his intimate partners and prevent them from reporting his assaults to law enforcement.  Defendant's abuse of his federal law enforcement authority violated the victims' constitutional rights: namely, their rights to liberty and bodily integrity.  For three specific sexual assaults of K.L. and N.B., defendant is charged with three counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242.

The government hereby moves to introduce certain business records at trial under the self-authentication provisions of Federal Rule of Evidence 902(11).  The government gave written notice to defendant on November 21, 2021, and in subsequent communications, and defendant has indicated that he will provide his position at the pretrial conference on November 27, 2021.  (Declaration of Frances S. Lewis ("Lewis Decl.") ¶¶ 3-8.)

**II.  ARGUMENT**

Rule 902 of the Federal Rules of Evidence provides, in pertinent part:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
> . . . .
>
> (11) The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person . . . .  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and

certification available for inspection – so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).[1]

The government has produced in discovery business records from the custodians of records (or other qualified persons) of various businesses, namely, Verizon, Sprint, AT&T, Southern California Edison, and Facebook, as listed below.  Moreover, the government has produced the declarations from the respective custodians of records, and true and correct copies of these declarations are attached hereto as Exhibits 1-5.  The government therefore seeks to introduce the following exhibits, or excerpts therefrom, at trial:

| **Exhibit to Lewis Decl.** | **Source** | **Bates** | **Custodian Decl.** |
|---|---|---|---|
| 1 | Verizon | 00014544-14891 | 00014549-550 |
| 2 | Sprint | 00014915-14946 | 00014913-914 |
| 3 | AT&T | 00015096-16350 | 00015096-099 |
| 4 | Southern California Edison | 0010361-364 | 00103605 |
| 5 | Facebook | 00103521-103604 | 00103556 |

---

[1] Rule 803(6) of the Federal Rules of Evidence provides, in pertinent part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> . . . .
> (6) A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . . ; and
> (E) neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Certification under Rule 902(11) obviates the need for the government to authenticate business records at trial and permits the records to be admitted under Federal Rule of Evidence 803(6).  <u>See</u> Fed. R. Evid. 902(11).  Thus, in order to admit the above-referenced business records as exhibits at trial, the government should not be required to call the custodians of records for these businesses to testify. These business records should be admissible based on the certifications.

The government reserves the right to provide further notice of other entities from which it intends to introduce business records pursuant to Federal Rule of Evidence 902(11).

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant its motion <u>in limine</u> to admit the business records referenced above under Federal Rule of Evidence 902(11).