FILED
CLERK, U.S. DISTRICT COURT

12/10/2021

CENTRAL DISTRICT OF CALIFORNIA
BY:_____MG_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | Case No. EDCR18-00231-JGB |
| | ) | |
| Plaintiff, | ) | FINAL JURY INSTRUCTIONS |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN JACOB OLIVAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

*United States of America v. Olivas*                                    Final Jury Instructions

## JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of this instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

1

*United States of America v. Olivas*                                    Final Jury Instructions

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions, or into anything I may have said or done, as any suggestion as to what verdict you should return—that is a matter entirely up to you.

*United States of America v. Olivas*                                        Final Jury Instructions

## JURY INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

*United States of America v. Olivas*                    Final Jury Instructions

# JURY INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

*United States of America v. Olivas*                                    Final Jury Instructions

## JURY INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves your firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

*United States of America v. Olivas*                                    Final Jury Instructions

# JURY INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1) The sworn testimony of any witness; and

(2) The exhibits which are received in evidence.

## JURY INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

*United States of America v. Olivas*                                        Final Jury Instructions

# JURY INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) The witness's opportunity and ability to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case, if any;

(5) The witness's bias or prejudice, if any;

(6) Whether other evidence contradicted the witness's testimony;

(7) The reasonableness of the witness's testimony in light of all the evidence; and

(8) Any other factors that bear on believability. The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different version of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*United States of America v. Olivas*                                    Final Jury Instructions

# JURY INSTRUCTION NO. 9

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

*United States of America v. Olivas*                                    Final Jury Instructions

## <u>JURY INSTRUCTION NO. 10</u>

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

*United States of America v. Olivas*                              Final Jury Instructions

## JURY INSTRUCTION NO. 11

You have heard testimony that the defendant made statements.  It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them.  In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

*United States of America v. Olivas*                                   Final Jury Instructions

## <u>JURY INSTRUCTION NO. 12</u>

You have heard a recording that has been received in evidence.  A transcript of the recording was provided to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you heard something different from what appeared in the transcript, what you heard controls.

*United States of America v. Olivas*                                     Final Jury Instructions

# JURY INSTRUCTION NO. 13

You have heard testimony that the defendant committed other acts of non-sexual violence against N.B. and K.L. You may consider this evidence only for the purpose of deciding whether the defendant:

1) Had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;

2) Had a motive or the opportunity to commit the acts charged in the indictment; or

3) Did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you. The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the other crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not

*United States of America v. Olivas*                                  Final Jury Instructions

use this evidence to conclude that because the defendant may have committed the

other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for deprivation of rights under

color of law as alleged in the indictment, not for these other acts.  Do not return a

guilty verdict unless the government proves the crimes charged in the indictment

beyond a reasonable doubt.

*United States of America v. Olivas*                                     Final Jury Instructions

## **JURY INSTRUCTION NO. 14**

You have heard evidence that the defendant may have committed similar offenses of sexual assault.  You may use this evidence to decide whether the defendant committed the acts charged in the indictment.  You may not convict the defendant simply because he may have committed other unlawful acts. You may give this evidence such weight as you think it should receive or no weight.

*United States of America v. Olivas*                         Final Jury Instructions

# JURY INSTRUCTION NO. 15

You have heard testimony from Dr. Janine S. Shelby, Paul Johnson, and Ernest Koeberlein, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

*United States of America v. Olivas*                              Final Jury Instructions

## <u>JURY INSTRUCTION NO. 16</u>

The indictment charges that the offenses alleged were committed beginning "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

## JURY INSTRUCTION NO. 17

The defendant is charged in Counts One, Two, and Three of the Indictment with deprivation of rights under color of law in violation of Title 18, United States Code, Section 242. For the defendant to be found guilty of each of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, that defendant deprived the person named in the Indictment of a right secured and protected by the Constitution or laws of the United States.

Second, that defendant acted willfully, specifically intending to deprive the individual of that right;

Third, that defendant acted under the color of law; and

Fourth, that the person named in the Indictment was in the state of California at the time of the offense.

I will now provide you with additional instructions regarding the first three elements.

*United States of America v. Olivas*                                        Final Jury Instructions

## JURY INSTRUCTION NO. 18

The first element requires the government to prove for Counts One, Two, and Three of the Indictment that defendant deprived the person named in that count of a right secured or protected by the Constitution or laws of the United States. Specifically, the indictment alleges the right at issue is K.L. and N.B.'s right to bodily integrity, which I instruct you is a right protected by the Fourth and Fifth Amendments of the United States Constitution.

The right to bodily integrity includes the right to be free from aggravated sexual abuse and attempted aggravated sexual abuse with someone acting under the color of law.

A person commits "aggravated sexual abuse" if he knowingly used force to cause another person to engage in a sexual act. An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

The term "sexual act" means contact between the penis and the vulva, including vaginal intercourse.

22

*United States of America v. Olivas*                    Final Jury Instructions

To find attempted aggravated sexual abuse you must find that defendant (1) intended to use force to cause K.L. to engage in a sexual act; and (2) did something that was a substantial step toward committing aggravated sexual abuse and that strongly corroborated the defendant's intent to commit aggravated sexual abuse. Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

*United States of America v. Olivas*                                    Final Jury Instructions

## JURY INSTRUCTION NO. 19

The second element addresses the defendant's intent and requires the government to prove that defendant acted willfully. To act willfully means to act voluntarily and deliberately, with the specific intent to deprive the person named in Counts One, Two, or Three of a constitutional right, namely, the right to bodily integrity. The defendant does not have to know or recognize that his acts are illegal or unconstitutional. Reckless disregard of a person's established constitutional rights is evidence of a specific intent to deprive that person of those rights.

*United States of America v. Olivas*                                     Final Jury Instructions

## JURY INSTRUCTION NO. 20

The third element requires the government to prove that the defendant acted under color of law.  A person acts "under color of law" when he acts in his official capacity or purports or claims to act in his official capacity.  Action under color of law includes the abuse or misuse of the power possessed by the defendant by virtue of his office or official position.

Officers pursuing their personal pursuits do not act under color of law merely because they are officers.  However, whether an officer is acting under color of law does not depend on duty status at the time of the alleged offense.  To find that the defendant acted under color of law, you must find that he committed the offense by using or abusing power possessed by virtue of law and made possible only because he was clothed with the authority of law.

## JURY INSTRUCTION NO. 21

When you begin your deliberations, elect one members of the jury as your foreperson who will preside over the deliberations and speak for you here in Court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national

ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes, dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

*United States of America v. Olivas*                                    Final Jury Instructions

# JURY INSTRUCTION NO. 22

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

*United States of America v. Olivas*                                      Final Jury Instructions

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 23

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

*United States of America v. Olivas*                                    Final Jury Instructions

## JURY INSTRUCTION NO. 24

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## JURY INSTRUCTION NO. 25

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

*United States of America v. Olivas*                    Final Jury Instructions

# JURY INSTRUCTION NO. 26

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.