E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Deputy Chief, Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6938
     Facsimile: (951) 276-6202
     Email:    Eli.Alcaraz@usdoj.gov
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Deputy Chief, General Crimes Section
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4850
     Facsimile: (213) 894-0141
     Email:    Frances.Lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 18-231-JGB |
|---|---|
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* TO ADMIT PRIOR STATEMENTS OF DEFENDANT JOHN JACOB OLIVAS; EXHIBITS 1-6 |
| v. | |
| JOHN JACOB OLIVAS, | Hearing Date: October 17, 2022 |
| Defendant. | Hearing Time: 2:00 P.M.<br>Location:     Courtroom of the<br>              Hon. Jesús G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Eli A. Alcaraz and Frances S. Lewis, hereby files its Motion in Limine to Admit Prior Statements of Defendant John Jacob Olivas.

The United States met and conferred with defense counsel Meghan Blanco by phone on September 16, 2022, about the substance of this Motion. The United States understands the defense opposes the Motion.

This Motion is based on the attached memorandum of points and authorities and accompanying Exhibits 1-6, the files and records in this case and reporter's transcripts of the trial, and such further evidence and argument as the Court may permit.

Dated: October 3, 2022              Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division

                                    /s/
                                    ELI A. ALCARAZ
                                    FRANCES S. LEWIS
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**Table of Contents**

MEMORANDUM OF POINTS AND AUTHORITIES..................................1
I.   INTRODUCTION.....................................................1
II.  FACTUAL BACKGROUND...............................................2
     A.   Motions in Limine...........................................2
     B.   Trial Testimony.............................................3
     C.   State Change of Plea Hearing................................3
III. ARGUMENT.........................................................6
     A.   This Court Has Already Ruled that Evidence about the
          Underlying Conduct is Admissible at Trial...................6
     B.   Defendant's Statements are Admissible Under Rule
          801(d)(2)...................................................7
     C.   Rule 410 and California's People v. West Decision Do
          Not Affect the Analysis Here................................8
     D.   Revised Statements Comply with Any Rule 403 Balancing......11
IV.  CONCLUSION......................................................13

**Table of Authorities**

Page(s)

Cases

In re Alvernaz,
  2 Cal.4th 924 (1992) ........................................... 8

People v. West,
  3 Cal.3d 595 (1970) ........................................ 8, 10

United States v. Bautista,
  989 F.3d 698 (9th Cir. 2021) ................................... 8

United States v. Castro-Cabrera,
  534 F. Supp. 2d 1156 (C.D. Cal. 2008) .......................... 7

United States v. Kerik,
  531 F. Supp. 2d 610 (S.D.N.Y. 2008) ............................ 8

United States v. Ramos-Atondo,
  732 F.3d 1113 (9th Cir. 2013) ................................. 11

United States v. Vidal,
  504 F.3d 1072 (9th Cir. 2007) .................................. 8

Statutes

18 U.S.C. § 242................................................. 1

Rules

Fed. R. Evid. 410(a)(1)......................................... 7

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant John Jacob Olivas ("defendant") used his position and power as a federal law enforcement agent to sexually abuse N.B. twice and attempt to sexually abuse K.L., his prior intimate partners.  In 2021, defendant stood trial on three federal charges arising from these sexual assaults, in violation of 18 U.S.C. § 242.  On December 15, 2021, this Court declared a mistrial after the jury deadlocked on all three counts.  The retrial is presently set for October 25, 2022.

Before the first trial, this Court ruled that the United States could present evidence at trial that defendant physically assaulted N.B. in November 2012, pointed his HSI-issued service weapon at his father during an argument in November 2012, and intimidated N.B. in March 2013 by threatening to send her father sexually explicit photos and videos of her.  The United States did not seek to introduce defendant's convictions for this conduct -- only the underlying facts -- unless defendant testified.  During trial, N.B. testified about each of these incidents, and she was cross-examined extensively.  Defendant also introduced related testimony in his case-in-chief, challenging N.B.'s credibility on these topics.

This motion in limine seeks to admit defendant's statements from his state change of plea hearing in September 2015 in which he admitted this conduct was factually true.[1]  Defendant's statements are admissible under Federal Rule of Evidence 801(d)(2).  Because the United States does not seek to admit the fact of his convictions, the

---

[1] The United States did not obtain the actual transcript from defendant's change of plea hearing until December 4, 2021, which was after the first trial had commenced.  Thus, the United States did not try and introduce these statements during the first trial.

United States proposes a stipulation with minor non-substantive revisions to remove any information that might indicate to the jury that they were made as part of a state criminal proceeding. Defense counsel has objected to the admission of any of these statements on the grounds that they were allegedly part of a "People v. West" plea with the State of California. Because the statements are defendant's own admissions about relevant conduct in this case and were part of a guilty plea hearing, not a People v. West proceeding, the Court should grant the United States' motion in limine and permit it to introduce defendant's prior statements during the retrial.

## II. FACTUAL BACKGROUND

### A. Motions in Limine

During the state prosecution that preceded the federal case, defendant pled guilty to (1) assault with a gun against his father, in violation of California Penal Code ("CPC") § 245(a)(2); (2) infliction of corporal injury resulting in a traumatic condition upon a cohabitant, N.B., in violation of CPC § 273.5(a); and (3) witness tampering, in violation of CPC § 136.1(b)(1) in Riverside County Superior Court. Before the first trial in this case, the United States filed a motion in limine to admit the underlying conduct related to those convictions in its case-in-chief, and made clear that it would only seek to introduce the convictions themselves if defendant testified. (Dkt. 80 at 9.)

During the pretrial conferences on November 15, 22, and 29, 2021, the Court orally granted the United States' motion in limine as it related to these three incidents involving N.B.[2]

---

[2] The United States ordered, but has not yet received, transcripts from the pretrial conferences.

2

### B. Trial Testimony

Victim N.B. testified at trial between December 7-9, 2021. N.B. testified about all of the incidents that the United States sought to introduce in its in limine motion that were the basis of defendant's prior guilty pleas. These included an incident in early November 2012 where N.B., defendant, defendant's mother, and defendant's father got into an altercation where defendant pointed his HSI-issued service pistol at various individuals. (RT 12/8/21 at 152-58.) N.B. testified that defendant's son, Jaykb, was in the house at the time. (RT 12/8/21 at 153, 155.) Her testimony included information about a "bear hug incident" in early November 2012, where defendant squeezed her so hard that she heard a rib "pop." (RT 12/8/21 at 160-74.) Dr. Jessie Rollins testified about medical treatment he gave to N.B. following the bear hug. (RT 12/8/21 at 9-34.) N.B. was crossed on this incident. (RT 12/8/21 at 43-48.)

Additionally, N.B. testified that defendant sent her sexually explicit videos and attempted to intimidate her in March 2013. (RT 12/8/21 at 184-88.) N.B. was cross examined extensively at trial, including on this "blackmail." (RT 12/9/21 at 59, 61-62.) Defendant also called his now-adult son to testify about the argument between defendant and his father (RT 12/10/21 at 9-10), but said that he did not believe anything more serious (i.e., defendant pointed his gun at anyone) happened because "I feel like I would have knowledge of that." (RT 12/10/21 at 35-37.) His testimony called into question the reliability of N.B.'s testimony.

### C. State Change of Plea Hearing

As set forth in the United States' original motion in limine, in September 2015, defendant entered three guilty pleas in People v.

Olivas, in the Superior Court of California, County of Riverside. (Ex. 1 (change of plea hearing certified transcript).) In particular, he pled guilty to (1) assault with a firearm, in violation of CPC § 245(a)(2), (2) corporal injury to a co-habitant, in violation of CPC § 273.5(a), and (3) dissuading a witness, in violation of CPC § 136.1(b)(1). (Ex. 1 at 4-7; Ex. 2 at 2 (Felony Plea Form); Ex. 3 at 1 (Abstract of Judgment).)

Certified conviction records from defendant's case were obtained and produced to defendant early in discovery in this case. In preparing for the first trial in this case, the United States ordered transcripts from defendant's change of plea and sentencing hearings. Because of the age of the case, those transcripts were not received until December 4, 2021, after the first trial had commenced. The transcripts were produced to defense counsel on December 5, 2021.

The transcripts reflect that during the change of plea hearing, the Court was advised that the parties had negotiated a resolution that would result in the dismissal of certain counts with a reduced sentencing recommendation from 14.4 years to four years. (Ex. 1 at 2.) Defendant was asked if he had read and initialed the felony plea form to show that he "understood everything that followed [his] initials." (Ex. 1 at 3-4.) In particular, he initialed next to "Factual Basis: I agree that I did the things that are stated in the charges that I'm admitting." (Ex. 2 at 2 (emphasis added).) Defendant's case minutes for this state prosecution note that he pled guilty to these three crimes. (Ex. 4 at 1, 7.)

Defendant was advised about the immigration "consequences of your pleading guilty today" and he was asked if his initials, date, and signature meant that he understood "his legal and constitutional

4

rights, but that he wish[ed] to waive them, pleading guilty a violation of [CPC] § 248(a)(2), assault with a firearm; . . . a violation of [CPC] § 273.5 Subdivision (a), corporal injury on a cohabitant; and Count 5, as amended, 136.1(b), dissuading a witness." (Ex. 1 at 3-4.)  Defendant responded, "Yes, your Honor."  (Id.)  The charges were then read individually, and defendant responded "guilty" when asked how he wished to plead to each count.  (Id. at 6-7.)

Defense counsel was asked if he joined, but added that he did so:

> [W]ith some trepidation inasmuch as my client has been conflicted most of the morning.  I agree with his decision, in terms of I think he made the decision that's in his best interests at this time.  I would also indicate that he did that partly under People versus West, based on what the Court -- discussions we had off the record, rather than running the risk of going to trial and being convicted on more charges, and spending a greater deal of time potentially in prison.  So, for that, I concur with the plea, Your Honor.

(Id. at 7.)  The prosecutor then read the factual basis for each count.

Concerning the § 245(a)(2) violation for assault with a deadly weapon, defendant was asked, "Is it true that on or about March 3rd, 2012, in the County of Riverside, State of California, you did willfully and unlawfully commit an assault upon Johnny Olivas with a firearm?" and defendant responded, "True."  (Ex. 1 at 8.)  Concerning that question, the parties agreed that there was supposed to be an amended fact that the conduct took place on November 3, 2012.  (Ex. 1 at 5 ("The 245(a)(2) that's currently alleged in the amended complaint says March 22nd, 2013.  It should be November 3rd, 2012.").)

5

Concerning the § 273.5(a) violation for domestic violence, defendant was asked, "Is it also true that on that same date, November 3rd, 2012, in the County of Riverside, State of California, you did willfully and unlawfully inflict a corporal injury resulting in a traumatic condition upon Jane Doe, with the initials N, as in Nancy; B, as in boy, that person being your former cohabitant?" and defendant responded, "True."  (Ex. 1 at 8.)

Concerning the § 136.1(b)(1) violation for witness intimidation, defendant was asked, "And is it also true that on or about March 1st, 2013, through March 31st, 2013, in the County of Riverside, State of California, you did willfully and unlawfully attempt to – or intimidate and dissuade Jane Doe, with the initials N.B., from giving testimony in a criminal proceeding based on the fact that you asked her to not come forward with the information regarding the crimes that you committed against her by threatening to send a text video to her father of sexual acts?" and defendant responded, "True."  (Ex. 1 at 8-9.)

The court then tentatively accepted the pleas pending sentencing.  Defense counsel clarified for defendant that this meant that if the Court received new information and no longer wanted to approve the agreement, "you are not stuck with your guilty pleas and then a much harsher sentence, you get the benefit of your agreement." (Id. at 10.)

**III. ARGUMENT**

    **A.   This Court Has Already Ruled that Evidence about the Underlying Conduct is Admissible at Trial**

After extensive briefing and argument, this Court already ruled that the underlying conduct concerning defendant's assault of his

6

father with a firearm, prior abuse of N.B., and witness intimidation is admissible at trial in this case. Defendant's uncharged abusive conduct toward N.B. or when N.B. was present is inextricably intertwined with the allegations of sexual assault in this case, or at a minimum, admissible under Rule 404(b). (See generally Dkt. 80.)

### B. Defendant's Statements are Admissible Under Rule 801(d)(2)

Defendant's statements admitting that he engaged in this underlying conduct are logically also admissible as classic non-hearsay admissions by a party opponent. Rule 801(d)(2) subsections (A) and (B) provide that a statement that is offered against an opposing party that (A) was made by the party in an individual capacity or (B) is one the party manifested that it adopted or believe to be true, is not hearsay. When defendant responded, "True," during his plea colloquy to the deputy district attorney's recitation of the factual bases for defendant's three guilty pleas (Ex. 1 at 8-9), he made statements in an individual capacity and adopted the facts to be true. He further initialed his felony plea form--"Factual Basis: I agree that I did the things that are stated in the charges that I am admitting." (Ex. 2 at 1.)

Defendant's factual statements at his plea colloquy are admissible, and based on the testimony at the prior trial, they are relevant and highly probative. Although Federal Rule of Evidence 410 bars the introduction of statements made for a guilty plea that was later withdrawn or a nolo contendere plea, see Fed. R. Evid. 410(a)(1), (2), there is no such prohibition for statements made at a guilty plea hearing, and such statements are routinely admitted. See, e.g., United States v. Castro-Cabrera, 534 F. Supp. 2d 1156, 1159-60, 1161-62 (C.D. Cal. 2008) (admitting defendant's statements

7

from his plea colloquy that he was a citizen of Mexico; "While a statement is inadmissible when made at a plea colloquy for a plea of guilty later withdrawn or a nolo contendere plea, a statement is admissible when made during a plea colloquy when a defendant pleads guilty. . . . Thus, Defendant's statements at the plea colloquies were he pled guilty are admissible."); United States v. Kerik, 531 F. Supp. 2d 610, 618-19 (S.D.N.Y. 2008) ("Rule 410 is meant to protect a defendant who participates in an unsuccessful plea discussion from later having his admissions used against him.  In this case, the defendant pleaded guilty, and therefore, Rule 410 does not apply.")

### C. Rule 410 and California's People v. West Decision Do Not Affect the Analysis Here

Defense counsel has objected to the admissibility of defendant's statements at his change of plea hearing on the grounds that the plea was not a guilty plea, but was instead a "People v. West" plea, or in other words, a plea of nolo contendere.  Defendant's plea colloquy admissions are in no way nolo contendere pleas.

For background, Rule 410 provides that "a statement made during a proceeding on [a nolo contendere plea]" is "not admissible against a defendant."  In California, such a nolo contendere plea is generally governed by People v. West, 3 Cal.3d 595, 599 (1970) ("[D]efendant, with the consent of the district attorney, pleaded nolo contendere . . . .").  The California Supreme Court has characterized a West plea as a plea of nolo contendere that "does not establish factual guilt." United States v. Vidal, 504 F.3d 1072, 1089 (9th Cir. 2007) (citing In re Alvernaz, 2 Cal.4th 924, 932 (1992)) abrogated on other grounds recognized by United States v. Bautista, 989 F.3d 698 (9th Cir. 2021).

8

Defendant's convictions here, however, are guilty pleas, not West or nolo contendere pleas, and are therefore not excluded under Rule 410.  The state court documents repeatedly confirm that defendant pled guilty, as opposed to nolo contendere.  His certified change of plea transcript shows that for each of the three charges he answered with the word "guilty" when the court asked how he pled.  (Ex. 1 at 6-7.)  During the plea colloquy, the court referred to defendant's actions as "pleading guilty."  (Ex. 1 at 3 ("Did you note, sir, that one of the consequences of your pleading guilty today could be . . . .").)  Defendant responded, "Yes, Your Honor," when the court asked, "Did you initial, date, and sign the felony plea form in order to indicate to the Court that not only do you understand your legal and constitutional rights, but that you wish to waive them, **pleading guilty**" to the charged offenses?  (Ex. 1 at 4 (emphasis added).)  The Court also asked, "Do you still wish to waive your legal and constitutional rights in order to **plead guilty** to those counts?" and defendant responded, "Yes, Your Honor."  (Ex. 1 at 6 (emphasis added).)  Even defendant's attorney described defendant's actions as "guilty pleas."  (Ex. 1 at 10.)

Further, defendant initialed his change of plea form that "No one has made any threats to me or anyone close to me, or placed any pressure of any kind on me **in order to make me plead guilty**."  (Ex. 2 at 1 (emphasis added).)  He also initialed that he "will enter a **guilty plea**" to three charges and his "**guilty pleas** are conditional on receiving" certain sentencing considerations, which he indeed received.  (Ex. 2 at 2 (emphasis added).)  He confirmed for the court during his plea colloquy that he "place[d his] initials on the felony

9

plea form in order to indicate . . . that [he] understood everything that followed [his] initials." (Ex. 1 at 4.)

Further defendant's abstract of judgment notes that the convictions were by "plea" (Ex. 3 at 1) and the criminal minutes for defendant's case note that his pleas to the three charges were "G" and "Guilty" (Ex. 4 at 1, 7). The evidence consistently affirms that defendant pled guilty, such that Rule 410 does not preclude admission of his statements that are otherwise admissible under Rule 801(d)(2).

The Court can find comfort that defendant's pleas were guilty pleas by comparing actual nolo contendere pleas in other cases with different defendants. Exhibits 5 and 6 show what state court documents would include if defendant had entered a nolo contendere plea agreement "with the consent of the district attorney." See West 3 Cal.3d at 599. For example, in the proceedings in Exhibit 5, when asked how that defendant pleads, he said, "No contest." (Ex. 5 at 4, 5.) The Court further confirmed with that defendant--"Do you understand that a plea of no contest has the same legal effect as a plea of guilty except that it cannot be used against you in a civil proceeding?" (Ex. 5 at 4.) Here, defendant did not answer "No contest" to any question at his September 2015 plea colloquy and that court never gave defendant a similar advisement indicating that the pleas were nolo contendere pleas. Indeed, in Exhibit 5, the minutes for that case explicitly say, "nolo contendere," and that the plea was "pursuant to People v. West." (Ex. 5 at 15, 16; see also Ex. 6 at 6.) Here, defendant's minutes do not mention West and explicitly use "Guilty" when describing the three pleas. (Ex. 4 at 7.)

That defendant's counsel at his September 2015 change of plea hearing made an off-hand comment about "People versus West" does not

convert defendant's guilty pleas into a West nolo contendere plea (Ex. 1 at 7), especially in light of the other information in defendant's state court documents (Exs. 1-4) and his state defense counsel's own words that defendant had "guilty pleas" (Ex. 1 at 10). Accordingly, Rule 410 is inapplicable.

### D. Revised Statements Comply with Any Rule 403 Balancing

As the Court is well aware, evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . : unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." N.B.'s credibility was a central point in the trial. She was cross examined and the defense put on an affirmative case, some of which was directly responsive to her testimony. Defendant's statements at his plea colloquy are exceedingly probative. Of course they are prejudicial -- all evidence is. See United States v. Ramos-Atondo, 732 F.3d 1113, 1124 (9th Cir. 2013) ("[A]ny evidence that tends to show guilt admitted against a defendant charged with crime may cause prejudice because the relevant evidence of guilt increases the likelihood of a conviction.").

The issue is whether the probative value is substantially outweighed by unfair prejudice. To address any such issue, the United States proposes that it be permitted to introduce defendant's statements with non-substantive revisions that remove indication that the statements were part of a guilty plea hearing.

Statement 1: The United States proposes changing the combination of defendant's answer of "True," and "Is it true that on or about March 3rd 2012, in the County of Riverside, State of California, you did willfully and unlawfully commit an assault upon Johnny Olivas

11

with a firearm?" (Ex. 1 at 8) with "Defendant has previously admitted that on November 3, 2012, he willfully assaulted his father, Johnny Olivas, with a firearm."

Statement 2: The United States proposes changing the combination of defendant's answer of "True," and "Is it also true that on that same date, November 3rd , 2012, in the County of Riverside, State of California, you did willfully and unlawfully inflict a corporal injury resulting in a traumatic condition upon Jane Doe, with the initials N, as in Nancy; B, as in boy, that person being your former cohabitant?" (Ex. 1 at 8), with "Defendant has previously admitted that on November 3, 2012, he willfully inflicted a corporal injury resulting in a traumatic condition on N.B., who lived with him at the time."[3]

Statement 3: The United States proposes changing the combination of defendant's answer of "True," and "And is it also true that on or about March 1st, 2013, through March 31st, 2013, in the County of Riverside, State of California, you did willfully and unlawfully attempt to – or intimidate and dissuade Jane Doe, with the initials N.B., from giving testimony in a criminal proceeding based on the fact that you asked her to not come forward with the information regarding the crimes that you committed against her by threatening to send a text video to her father of sexual acts?" (Ex. 1 at 8-9) with "Defendant has previously admitted that between March 1, 2013, and March 31, 2013, he willfully attempted to and did intimidate and dissuade N.B. from coming forward and giving testimony against him because defendant asked her not to come forward with information

---

[3] When introduced at trial, N.B.'s true name would be read into the record instead of her initials.

12

regarding the acts he committed against her when he threatened to send a text video to her father of sexual acts between defendant and N.B."

With such non-substantive modifications, the core of defendant's admissions are maintained while stripping them of any unfair prejudice from the potential inference a jury may draw based on the question and answer format that the statements were part of a court proceeding.

**IV. CONCLUSION**

Because defendant made admissions at his September 2015 plea colloquy which are admissible under Rule 801(d)(2) and not affected by Rule 410, the Court should grant the United States' motion. Further, the United States should be permitted to introduce defendant's statements, consistent with Rule 403, in the slightly modified version proposed to avoid any unfair prejudice.