MEGHAN BLANCO (238171)
LAW OFFICES OF MEGHAN BLANCO
    28202 Cabot Road, Suite 300
    Laguna Niguel, California 92677
    Telephone: (949) 296-9869
    Facsimile: (949) 606-8988
    E-mail:    mblanco@meghanblanco.com

Attorney for JOHN OLIVAS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-CR-231-PSG |
| Plaintiff, | OBJECTIONS TO PSR |
| v. | |
| JOHN OLIVAS, | |
| Defendant. | |

Defendant John Olivas, by and through his counsel of record, Meghan Blanco, files the instant objections to the PSR.

Respectfully Submitted,

Dated: May 3, 2023

*//s// Meghan Blanco*
MEGHAN BLANCO
Counsel for Defendant
JOHN OLIVAS

1

<u>OBJECTIONS TO PSR</u>

Defendant Olivas objects to the following paragraphs contained in her PSR:

**PARAGRAPH 27:** The probation Department applied a 2-level enhancement for "serious bodily injury," because Mr. Olivas "was convicted of attempting to commit conduct constituting aggravated sexual abuse under 18 U.S.C. § 2241 against victim K.L." However, application of a 2-level enhancement for serious bodily injury does not apply. While the enhancement can apply, in some instances, when aggravated sexual abuse occurs during another charged crime, application notes specifically require conduct other than criminal sexual abuse when the "serious bodily injury" enhancement is applied to section 2A3.1(b). *See* Definition Note 1: ("'*serious bodily injury*' ha(s) the meaning given those terms in Application Note 1 of the Commentary to <u>§1B1.1</u> (Application Instructions). However, for purposes of this guideline, '*serious bodily injury*' means conduct other than criminal sexual abuse, which already is taken into account in the base offense level under subsection.").

**Paragraph 37:** For the reasons stated above, Mr. Olivas objects to the application of a 2-level enhancement under USSG §2A3.1(b)(4)(B).

**Paragraph 52:** The application of an obstruction enhancement appears to be in error as it is not applied elsewhere.

**Paragraphs 54 and 56:**  Counts two and three involve the same victim and identical conduct.   In fact, the government argued that Mr. Olivas committed counts two and three during a course of conduct that included acts of domestic violence and other acts that would, normally, qualify as 404(b) evidence.   Counts two and three group.  *See* USSG section 3D1.2(a) and (b).   Similarly, count one should also group as it involved an identical course of conduct.

**Paragraph 68:**   The Probation Department applied three criminal history points for a state court conviction Mr. Olivas sustained for the same conduct charged in this case.   However, Mr. Olivas's prior state court sentence does not qualify as a "prior sentence" under the Guidelines.   *See* 4A1.2(a)(1) ("The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, *for conduct not part of the instant offense*." (emphasis added)   Accordingly, Mr. Olivas's should have zero criminal history points.

**Paragraph 97:**  Counsel is private, but Mr. Olivas did not compensate counsel for the second trial.   Counsel performed all work after the first trial on a pro bono basis, because she does not believe Mr. Olivas committed acts of rape, as charged.

Dated: May 3, 2023

*//s// Meghan Blanco*
MEGHAN BLANCO
Counsel for Defendant
JOHN OLIVAS
